1878.] PEOPLE ex rel. MUNDAY v. FIRE COMMISSIONERS. 445

Statement of case.

the court below well exercised its discretion in refusing the exercise of the general right to a supplemental answer. It is difficult to resist the impression that the payment to Matthews was not made with that entire impartiality between the two litigants for the fund which should have possessed the party who held it, as it were, as trustee for the rightful claimant. It was made, at any rate, with full knowledge of the plaintiffs' claim, and of their vigorous pursuit of it in the courts, and of a recognition of their superior right to it by the General Term. An especial circumstance is that there has always been a way in which the defendant could protect itself and yet have justice done between the rival claimants. An interpleader, by suit or order, has always been within its reach, and a payment of the money into court would have practically relieved it of any interest in the litigation. This suit has been pending nearly five years. The matter which is sought to be newly answered had been known for over a year before this motion was made. It is not an extreme view to say that there has not been diligence on the part of the defendant; but, without further specification, we are of the opinion that there was no abuse or straining of the discretionary power of the court at Special and General Terms.

The appeal should be dismissed, with costs.

All concur, except ANDREWS, J., absent.

Appeal dismissed.

THE PEOPLE ex rel. JOSEPH H. MUNDAY, Respondents, v. THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, Appellant.

The provision of the New York charter of 1873 (§ 28, chap. 335, Laws of 1873) limiting the power of removal of clerks, employees, etc., given to the board of fire commissioners, by declaring that it "can not be exercised in respect to any regular clerk * * until he has been informed of the cause of the proposed removal, and has had an opportunity of making an explanation," is substantial and capable of execution, and therefore cannot be disregarded.

The provision necessarily implies that the "cause" must be some derelic-
tion or general neglect of duty, or some delinquency affecting the gen-
eral character of the one sought to be removed, and his fitness for the
office; that some other person can more efficiently perform the duties is
not sufficient.

The relator was removed from his position as clerk in the fire department.
No cause for removal was assigned in the notice to him, or stated in any
way before or at the time he was called upon to show cause. The only
cause for removal stated in the resolution, as entered upon the records,
was that the relator had not given satisfactory reasons why he should not
be removed. *Held,* that the statute was in no respect complied with,
and that the order of removal was a nullity.

After the removal to the Supreme Court by *certiorari* of the order, a
second notice was served, and order of removal made, in which the
cause of removal stated was that "the duties pertaining to his (relator's)
position can be more efficiently performed by another person." *Held,*
that the second order was not brought up for review, and was probably
a nullity, because made after a removal of the proceeding; but if not,
that no "cause," within the requirement of the statute, was assigned,
and the order was void.

The decision of the General Term, reversing the proceedings of the com-
missioners, was appealed from as from an order, and was so heard.
*Held,* that the appeal was from a judgment, and should have been heard
as such in its regular order on the calendar.

(Argued January 29, 1878 ; decided February 5, 1878.)

Appeal from judgment of the General Term of the
Supreme Court, in the first judicial department, reversing
proceedings of the board of fire commissioners of the
city of New York, which removed the relator from his
position as clerk in the fire department and restoring him to
said position, which proceedings were brought up for review
by *certiorari.*

The relator was a regular clerk in the department. On
the 14th August, 1877, a notice was served upon him requir-
ing him to show cause why he should not be removed. No
cause for the proposed removal was stated. The relator
appeared at the time stated, and asked to be informed of the
cause for removal. None was stated, and he was never
informed of any cause for removal ; but the board requested
him to show why he should not be removed. The board
passed a resolution that the relator "not having given satis-

factory reasons why he should not be removed be discharged," and an order discharging him was thereupon issued. After the service of the writ of *certiorari* another notice was served upon the relator, requiring him to show cause why he should not be removed. The cause for removal stated was " that, in the opinion of the board of commissioners, the duties pertaining to the position can be more efficiently performed by another person." The relator did not appear at the time appointed ; the board passed a resolution of removal, reciting the same cause, and a new order of removal thereon was issued.

*D. J. Dean,* for appellant. Official proceedings are presumed to be regular. (*Stafford* v. *Williams,* 4 Den. 183; *Fuller* v. *Wilcox,* 19 Wend., 351; *People* v. *Mack,* 2 Park. Cr., 673; *Oak-ley* v. *Van Horn,* 21 Wend., 307; *Baum* v. *Tarpenny,* 3 Hill, 76; *In re Empire City Bank,* 18 N. Y., 208, 209; *Salters* v. *Tobias,* 3 Paige, 346; *Rosevelt* v. *Kellogg,* 20 J. R., 211.) The statutory provision for notice of cause of proposed removal was directory merely. (Sedgw. on Stat. & Cons. Law, 368, 370, 371, 378; *Reg.* v. *Fordham,* 11 Ad. & El., 88; *Cole* v. *Green,* 6 M. & Gr., 872, 890; *Rex* v. *Inhab. of Birmingham,* 8 B. & C., 29–32; *King* v. *Inhab. of St. Gregory,* 2 Ad. & El., 99; *Savage* v. *Walshe,* 36 Ala., 619; *Rex* v. *Justices of Leicester,* 7-B. & C., 6; *People* v. *Suprs. of Chenango,* 4 Seld., 317; *Marchant* v. *Langworthy,* 6 Hill, 646; 3 Den., 526; *Pond* v. *Negus,* 3 Mass., 230; *Williams* v. *School Dist.,* 21 Pick., 75; *Gale* v. *Mead,* 2 Den., 160; *Thomas* v. *Crapp,* 20 Barb., 165; *City of Lowell* v. *Hadley,* 8 Met., 180; *People* v. *Holley,* 12 Wend., 481; *In re M. and H. R. R. Co.,* 19 id., 143; *People* v. *Cook,* 14 Barb., 559; 4 Seld., 89, 93; *People* v. *Suprs. of Ulster Co.,* 34 N. Y., 268; *Barnes* v. *Badger,* 41 Barb. 98.)

*Roswell D. Hatch,* for respondents. The court will inquire into jurisdiction and examine evidence on common law *certiorari.* (*People* v. *Smith,* 45 N. Y., 772; *People* v. *Board of Police,* 39 id., 506; *People* v. *Betts,* 55 id., 600; *People* v. *Assessors, etc.,* 40 id., 154; 39 id., 81; *Mullens* v. *People,* 24 id., 399; *People* v. *Stout,* 19 How., 171, 180.)

ALLEN, J.   By the act of 1873, chapter 335, section 28 (S. L., 1873, p. 491), the appellants are empowered to remove all clerks, officers, employees and subordinates of the department under their charge, at pleasure, with this limitation, that such power of removal " cannot be exercised in respect to any regular clerk or head of a bureau, until he has been informed of the cause of the proposed removal, and has had an opportunity of making an explanation." It is also required that in every case of removal, the true grounds thereof shall be forthwith entered upon the records of the department, and a statement showing the reason thereof shall be filed in the department.   We cannot agree with the counsel of the appellants that this restriction is " shadowy and unsubstantial," and this expression of the legislative will inoperative and ineffectual.   It was intended as a substantial limitation of the general power of removal, conferred by the same section upon the several departments of the city government, and to secure the continuance in office of the persons named until a reasonable cause other than the pleasure of the heads of the departments, or a change in the political character of the majority, should exist for their removal.   The intent of the provision was to continue in the subordinate but important positions of the city government those who had proved themselves faithful and trustworthy, as well as competent to discharge the duties of their stations.   The provision may be imperfect in prescribing the details of the proceedings for a removal, but it is capable of execution in a way to give full effect to the intent of the Legislature, secure the officers named against removal without cause, without in any way detracting from the necessary powers vested in the heads of the departments, and who are responsible for their due administration, if those having the execution of it are disposed in good faith to respect the statute and the rights of the officers named in the restrictive clause.

Courts cannot assume that the Legislature intended a vain thing, and have inserted a clause apparently materially affecting the power of the departments, but which is in fact with-

out efficacy. But the clause does effectually separate the regular clerks and heads of bureaus from those who hold their positions at the pleasure of the heads of the departments, and give them a more worthy, as being a more secure term of office, and one depending to some extent upon good behavior. The removal must be for cause, and the process for removal is prescribed by statute, and must be pursued. The party against whom the proceeding is taken must be informed of the " cause of the supposed removal, and be allowed an opportunity of explanation." This necessarily implies that the " cause " is to be some dereliction or general neglect of duty, or incapacity to perform the duties, or some delinquency affecting his general character and his fitness for the office. The cause assigned should be personal to himself, and implying an unfitness for the place, and such cause being assigned, if unexplained, the removal may be made. An explanation may consist either of excusing any delinquency, or apparent neglect or incapacity ; that is explaining the unfavorable appearances, or disproving the charges ; that some other man is a better man than the accused, or more congenial to the appointing or removing power is not a cause which the incumbent can explain in the sense in which that term is used, and is no cause of removal within the statute. That something substantial is intended by the statute is more evident from the fact that the " true grounds " of the removal are to be entered upon the records, and " a statement showing the reason therefor " filed in the department.

The first proceeding for a removal was a palpable evasion of the statute, and a trifling with the procedure prescribed for that action. No cause for the removal was assigned in the notice to the relator, or stated to him in any way before or at the time he was called upon to show cause why he should not be removed, and the commissioners, at the hearing, when asked to state the cause that he might within the statute " explain " and show cause against the removal, stated no grounds for the procedure. The statement of the cause

of removal, that he had not given satisfactory reasons why he should not be removed, was simply frivolous in view of the record of the whole procedure. It was certainly no compliance with the statute, as it did not state the ground which was the foundation of the proceedings. We are only called upon to decide, in affirming the judgment of the Supreme Court, that the statute was mandatory upon the appellants in so far as it prescribed the procedure for removal, and was in no respect complied with, and the order was a nullity. The second order of removal is not before us for review, although returned by the defendants as a part of the proceedings, and probably with a view to supply the defects in the first order, and secure an affirmance of their action. But as it was made after the removal to the Supreme Court of the first order by *certiorari*, it was probably a nullity; but if not, the proceedings and order are not in conformity with the statute, as neither directly, or by implication, is there " cause " alleged for the removal affecting the character, conduct, or fitness of the relator, or which he could " explain," but they merely shadow forth a preference of the majority of the commissioners for some other person not named. So long as the relator fully and satisfactorily performed his duties, and is qualified in all respects, and is of irreproachable character (and nothing to the contrary is alleged), the fact that the services of one of a higher grade of qualifications, in the opinion of the commissioners, would be secured for the place, is no " cause " for his removal.

This appeal was argued out of its order as from an order. It is an appeal from a judgment, and should have been heard as such, and in its regular place on the calendar. This was not overlooked on the argument, but it was thought well to dispose of it promptly, and this suggestion of irregularity is made that it may not serve as a precedent for further crowding our now over loaded " motion calendar."

The judgment must be affirmed.

All concur, except ANDREWS, J., absent.

Judgment affirmed.