THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* JOHN H. EMERICK, APPELLANTS, *v.* THE BOARD OF FIRE COMMISSIONERS OF THE CITY OF NEW YORK, RESPONDENTS.

*Charter of New York city*—1873, *ch.* 335, § 28—*who is not the head of a bureau or a regular clerk within—power to create new bureaus therein.*

The " Superintendent of Telegraph " is not the head of a bureau or a regular clerk within the meaning of section 28 of chapter 335 of 1873, providing that " no regular clerk, or head of a bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation."

The charter of 1873, ch. 335, took away the power conferred by chapter 446 of 1857, and chapter 137 of 1870, upon the common council and heads of departments in New York city to create new bureaus, and thereafter no new bureaus could be created except by an act of the legislature.

APPEAL from order made at Special Term, quashing a writ of certiorari.

*Charles P. Miller*, for the appellants.

*D. J. Dean*, for the respondents.

DAVIS, P. J. :

This case has been argued with great ability by the counsel for the respective parties, and we have examined it with the care due to a question of so much importance to the public and to the parties. The relator, who held the office of superintendent of telegraphs, by appointment made on July 8, 1874, was summarily, and without notice or opportunity to be heard, removed from his position by the board of fire commissioners, and his successor was appointed on January 31, 1880.

The question presented by the case is whether the board had power to make such removal until the relator had, in the language of the statute, " been informed of the cause of the proposed removal, and allowed an opportunity of making an explanation ;" and

that question depends altogether upon whether he was "the head of a bureau" or "a regular clerk," within the meaning of section 28 of the charter of 1873. (L. 1873, ch. 335.)

In dismissing the writ, the learned judge at Special Term delivered the following opinion :

---

BEACH, J. : The relator was appointed by the defendants superintendent of telegraph, in the fire department, July 10, 1874. In January, 1880, he was removed by resolution of the board. The writ of *certiorari* was granted, to review this action, and with the return, contains the facts governing the disposition of the case. So far as allegations of fact are concerned, the return must be here taken as true, other remedies being supplied by the law, for false or insufficent averment. Conclusions therein stated are neither controlling or effective, it being the province of this court to establish those by its adjudication. On behalf of the relator it is urged that he is either the head of a bureau of telegraphy or a regular clerk, and, consequently, liable to removal only for cause shown, and after hearing. This course, it is conceded, was not pursued.

The position taken by the board is, that he occupied neither of those positions, as shown by the provisions of the present charter, regarding the first claim, and his duties, as to the second.

The disposal of the first point necessitates the consideration of section 28 of the act of 1873, with a reference to prior legislative enactments.

By the charter of 1857 (L. 1857, ch. 446), power was given to the common council, to establish such other bureaus (additional to those specified) as they might deem required by the public interest, and to assign to them, and the various departments and bureaus created by the act, such duties as they might direct, not inconsistent with the charter.

In the charter of 1870 (L. 1870, ch. 137), like power to increase the number of bureaus is conceded to have been given to the common council, in connection with the heads of departments, and upon application by them.

Section 28 of the charter of 1873, so far as material, reads as follows (L. 1873, ch. 335): "The heads of all departments . . . . . shall have power to appoint and remove all chiefs of bureaus . . . . . . as also all clerks, officers, employees and subordinates, in their respective departments, . . . . but no regular clerk, or head of a bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation ; and in every case of removal the true grounds thereof shall be forthwith entered upon the records of the department or board." Section 76 of article 10, referring to the fire department, provides : " There shall be in this department three bureaus," and the jurisdiction of each is specified.

This enactment, like those of 1857 and 1870, particularizes the bureau divisions, in all the departments, where any now exist. The plain question for decision, is whether or not the relator, being superintendent of telegraph, was the head of a bureau, or a regular clerk. The authority to create bureaus rests primarily with the legislature, and may be delegated to the department or officials of the municipal government. In addition to its exercise by the legislature, in the acts of 1857 and 1870, it was also delegated, and in that of 1873, was exercised, but all delegation, in any form, was omitted. This admission is fatal to the relator's first contention. The clear design of the legislature was to prevent the establishment of additional bureaus in any of the departments.

The court is asked to nullify this design, through adjudicating a power conferred by intention. Intent is primarily to be sought for in the wording of the statute, and will be followed in cases of doubt, even if not in accord with the literal meaning of the words used. But where there is no ambiguity, and the terms employed are precise, they must be held to evidence the intent and control. (*Johnson* v. *Hudson R. R. Co.*, 49 N. Y., 455 ; *Smith* v. *People*, 47 Id., 330 ; *Benton* v. *Wickwire*, 54 Id., 226.)

The charter on this subject seems clear and easily understood. No question arises from inconsistent sections, doubtful phrases, or inexact expression.

An authority given by the two prior enactments was omitted in this, and by such significant action the application of the rule *expressio unius est exclusio alterius*, is needful and proper, rather than harsh, and must be made. The designation and approval of the number and duties of all officers, and clerks, employees and subordinates in every department, given to the heads thereof, is an authority to regulate the numerical force, and the allotment of duty among them, and not to call into being general divisions, only less important than the departments themselves.

In *People* ex rel. *Munday* v. *Board of Fire Commissioners* (72 N. Y., 445), there is nothing adjudicating an intent in the Legislature to extend the limitation of the absolute power of removal beyond the officials specified, and to include therein other subordinates whose duties may be equally important and diversified. This is apparent from the text of the opinion. Justice ALLEN says, referring to this section : "It was intended as a substantial limitation of the general power of removal, conferred by the same section upon the several departments of the city government, and to secure the continuance in office of the persons named, until a reasonable cause, other than the pleasure of the heads of the departments, or a change in the political character of the majority, should exist for their removal." This should be read in connection with the succeeding paragraph, relied upon by the learned counsel for the relator, else the specification of the class of officers to whom the restriction applies, is nullified, and no "general power" of removal would exist as to subordinates "who had proved themselves faithful and trustworthy, as well as competent to discharge the duties of their stations."

This is made still more clear by the opinion of the same learned judge, in *People* ex rel. *Sims* v. *Board of Fire Commissioners*, (73 N. Y., 437). He says : "But the statute, by distinguishing between these two classes of officials, and other clerks, officers, employees and subordinates, necessarily leaves those not thus named, and expressly excepted from the operation of the general powers, subject to removal at the pleasure of the board."

This case also decides adversely the claim on relator's behalf, of being a "regular clerk." A clerk is there held to be "a person em-

ployed in an office, public or private, for keeping records or accounts, whose business is to write or register in proper form the transactions of the tribunal or body to which he belongs." This in no respect describes the duties of the superintendent of telegraph. His functions were much more extended and important, as shown by the return. While they included some service which might have been performed by a clerk, as aptly said in the case, *supra*, of the relator's there, " that does not give character to their office, or change the general nature of their employment."

---

This opinion fully and clearly discusses the questions involved, and reaches conclusions in which we feel ourselves constrained to concur. The Legislature, by the charter of 1873, intended, as we think, to create certain specified bureaus in the fire department, and to prevent the creation of any other bureaus. Unlimited power to create such bureaus had before existed, and that power was thought to be one which had been, or might be, abused, to the prejudice of the people. The creation of a bureau involved the organization, and appointment of a clerical force to duties in that bureau, and an increase of a number of employees in the department, and, of course, of its expenses. It was a mode which might be resorted to for the purpose of making places for aspirants to office, where no necessity for their services existed ; and it was against the possibility of such an evil, that the Legislature intended to provide by itself creating certain specified bureaus and by necessary construction, excluding the creation of all others. But we do not intend to discuss the question at length, inasmuch as we are satisfied with the views expressed by the learned court below in dismissing the writ.

We accept his opinion as the opinion of this court, and affirm the order, with costs.

Barrett, J., concurred.

Brady, J. :

I concur, but not without some doubt.

Order affirmed, with costs.