MANUEL N. PHILLIPS, Plaintiff, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

(Decided December 5th, 1881.)

The provision of the city charter of New York (L. 1873, c. 335, § 28), that no regular clerk or head of bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation, does not apply to the discharge of a regular clerk of a department of the municipal government, made in order to decrease the regular clerical force and so conform the expenses of the department to a reduced appropriation therefor.

EXCEPTIONS taken by the plaintiff at a trial term of this court, ordered to be heard, in the first instance, at the general term.

The plaintiff was appointed a clerk in the Fire Department, June, 1874, and employed in the Bureau of the Fire Marshal. He continued in the position until December 31st, 1875, when he was discharged without being informed of the cause of removal, or called upon for any explanation. The reason of his removal, appearing upon the books of the Department, was to conform its expenses to a reduced appropriation for the year 1876, and not for any cause personal to the plaintiff. The plaintiff unsuccessfully sought other employment until April 5th, 1880. This action was brought to recover damages to an amount equal to his salary from January 1st, 1876, to April 5th, 1880. The complaint was dismissed in the court below, and the exceptions ordered to be heard in the first instance at general term.

*Roswell D. Hatch*, for plaintiff.

*Wm. C. Whitney, D. J. Dean*, and *E. Henry Lacombe*, for defendant.

BEACH, J.—The plaintiff was a regular clerk, and the principal point urged by his counsel arises under section 28 of the City Charter, which enacts in substance, that no regular clerk or head of bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation. In my opinion, the intention of the legislature was to give the officers named the right to a hearing, when the removal was for reasons susceptible of explanation and personal to the incumbent, such as those suggesting incompetency, dereliction of duty, or misbehavior. The departments of the municipal government are obliged to conform their expenses to the amount appropriated by the Board of Estimate and Apportionment, and if, to accomplish that end, it is needful to decrease the regular clerical force, I do not think, in so doing, any hearing need be given to those discharged from public service for that reason. This view receives support from the opinions of the court in *People ex rel. Munday* v. *Fire Com-*

*missioners* (72 N. Y. 445); *People ex rel. Evans* v. *Park Commissioners* (60 How. 130).

The chief difficulty in the way of plaintiff's recovery, is the absence of any principle to support an action to recover damages against the city. There was no contract between the plaintiff and the corporation, broken by the defendant, giving a cause of action for damages ( *Wood* v. *Mayor, &c. of New York*, 44 N. Y. Super. Ct. 325; *People ex rel. Ryan* v. *French*, 24 Hun, 263; *Smith* v. *Mayor, &c. of New York*, 37 N. Y. 518). If the plaintiff was illegally removed, his only remedy was by certiorari to review the action producing that result, and seeking his reinstatement, or an action against those officials personally who did the wrong, and for whose torts the city is not liable. The case of *Swift* v. *Mayor, &c. of New York* (83 N. Y. 528), has no application. The action was brought upon a contract, and the only question presented related to the legal liability of either the Police Department or the municipal corporation. The Police Department was relieved by the final judgment, and the latter held liable, because funds originally applicable to the payment of plaintiff's claim had been covered into the city treasury, and the corporation thereby became the real debtor, taking the money with notice of a trust impressed upon it by law for plaintiff's payment, and of his claim.

The exceptions must be overruled and the judgment dismissing the complaint affirmed, with costs.

J. F. DALY, J., concurred.

Exceptions overruled.*

* The judgment entered upon this decision was affirmed by the Court of Appeals, February 28th, 1882 (see 88 N. Y. 245).