THE PEOPLE OF THE STATE OF NEW YORK ex rel.
EDWARD DICKEL v. L. J. N. STARKS and Others,
Commissioners composing the Board of Docks of the Depart-
ment of Docks of the City of New York, Respondents.

*Removal of a "regular-clerk" in New York— Sec. 48 of chap. 410 of 1882—requisites of
the charge assigned—what opportunity for explanation must be afforded.*

The Board of Commissioners of the Department of Docks served upon a regular
clerk of the department a copy of a resolution adopted by them, which stated
that the board deemed "him incompetent for the proper and creditable per-
formance of the duties assigned to and required of him;" and notified him to
appear before the board at a specified time and place and "show cause and
make such explanation as he may desire as to why he should not be removed"
from his position as clerk.

*Held*, that the notice did not assign any "cause" which would justify the removal
of the relator under the provisions of section 48 of chapter 410 of 1882.

That the statute contemplated that the cause assigned should be some dereliction
or general neglect of duty, or incapacity to perform duties, or some delin-
quency affecting his general character and his fitness for office; that it should
be personal to himself and imply an unfitness for the place.

That even if the cause assigned in this case were treated as a general charge of
incompetency, it was insufficient as it was not accompanied with any specifi-
cation or suggestion as to the nature of the incompetency, or whether it was
of a mental, physical or moral nature.

While the clerk was on his way to appear at the time and place named in the
notice he was suddenly and violently attacked by an illness which required a
painful surgical operation, occupying a period of two hours, and so pros-
trated him that it would have endangered his life to appear before the board.
When so attacked he wrote a letter to the board informing it of his illness and
inability to attend. The board met and, after receiving this letter, upon the
non-appearance of the clerk, passed a resolution removing him from his office.

*Held*, that the board did not allow him "an opportunity for explanation" within
the meaning of the act.

That even if the board had jurisdiction to act, and if its action was not wholly void,
yet that this court had power, if it saw that the clerk had been deprived of some
right which the statute intended he should enjoy, to correct the error and
reverse the proceedings.

Certiorari to review the action of the respondents in removing
the relator from his office.

*Richard J. Morrison*, for the relator.

*D. J. Dean*, for the respondents.

Davis, P. J. :

The relator was a " regular clerk " in the department of docks. Section 48, chapter 410 of the Laws of 1882, enacts that " no regular clerk    *    *    *    shall be removed (from his office) until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation."

The affidavit of the relator in this case, on which the writ was granted, and the return thereto show in substance that the relator had been a clerk in the department of docks for six years, and for his services had been advanced to the position from which he was removed and his salary had been increased by the commissioners ; that he had been requested by the commissioners to resign his position and notified that unless he resigned he would be removed ; that the relator refused to resign, and on the 29th of December, 1883, the board of commissioners, at a meeting of the board, passed the following resolution :

·" Resolved, That notice be and is hereby given in compliance with the provisions of section 48 of chapter 410 of the Laws of 1882, to Edward Dickel that the board deem him incompetent for the proper and creditable performance of the duties assigned to and required of him ; and that said Edward Dickel be and he hereby is notified to appear before this board at its office on Monday, the twenty-first instant, at one o'clock P. M., to show cause and make such explanation as he may desire as to why he should not be removed from said position of clerk in this department."

A copy of this resolution was served on the relator on the 29th day of December, 1883. On the thirtieth day of December the relator, not appearing at the time specified in the resolution, was, by another resolution of the board, removed from his office, the cause of his removal being stated as in the former resolution.

It appears by the affidavit of the relator that he intended to appear at the time named in the notice, and was on his way so to appear, when he was suddenly and violently attacked by an illness which prevented his attendance, and so prostrated him as to require a painful surgical operation, occupying the period of two hours, which was performed by two well known and skillful surgeons, who also make affidavit of the fact and that the condition of the relator was such at the time that to attend the board would have endan-

gered his life. It also appears by his affidavit that when so attacked with that illness on finding himself unable to attend the board he immediately wrote and sent a letter to the board stating the facts of his illness, etc., which letter was received by the board and was in their hands before the action taken by the board for his removal, and he prayed that the same be made a part of the return to the writ. None of these facts are denied by the respondents and the letter is not returned, nor is its possession denied.

Upon these facts two questions arise: First. Whether the board of commissioners gave notice to the relator in substantial conformity to the act " of the cause of the proposed removal;" and, second. Whether the board in substantial compliance with the statute " allowed an opportunity of making an explanation." *People ex rel. Munday* v. *The Fire Commissioners* (72 N. Y., 445), is a leading case bearing upon these questions. The Court of Appeals in that case laid down several propositions which have since been substantially adhered to by that court. It was held that " the removal must be for cause, and the process for removal is prescribed by statute and must be pursued. The party against whom the proceeding is taken must be informed of the cause of the proposed removal " and be allowed an opportunity of explanation." This necessarily implies that the cause is to be some dereliction or general neglect of duty or incapacity to perform duties or some delinquency affecting his general character and his fitness for office. The cause assigned should be personal to himself and implying an unfitness for the place; and such cause being assigned, if unexplained, the removal may be made."

In the case at bar the cause assigned was, in the language of the resolution, " that this board deem him incompetent for the proper and creditable performance of the duties assigned to and required of him," and the relator was notified not to make explanation of the cause assigned " but to make such explanation as he may desire as to why he should not be removed." Strictly speaking the cause assigned is a mere arbitrary conclusion of the board, and the relator is allowed to explain why the board should not execute its arbitrary conclusion. It does not put the relator on trial or explanation of any offense or dereliction of duty of his own. It asks him to show the board why he should not be removed because the board have

adjudged him to be incompetent. This was requiring him to perform an extremely difficult task and one which he would not be able easily to perform. But assuming that the charge is to be treated as a general one of "incompetency," with no specification or suggestion of what the alleged incompetency consisted in, whether mental, physical or moral, whether shown by neglect of duty, or incapacity to perform it, or in any sort of dereliction in act, word or conduct, how can it properly be said to be a charge which within the letter or spirit of the statute the relator can be asked to explain.

When arraigned before the board and told "you are charged with incompetency, what explanation have you to offer?" is the relator in such a case in the position the statute contemplates, to wit, informed of a charge which he may perhaps explain? Must he not necessarily answer by interrogatory? In what respect am I incompetent? Wherein have I failed? When, how or where have I been delinquent? Is my incompetency physical, mental or moral? Is it from age, infirmity or ignorance? Certainly some such questions must be asked and answered before the accused can be "allowed an opportunity for explanation" within the meaning of the statute, otherwise the purpose of the statute may be defeated by a mere farce.

Surely it could not have been intended that the board may say to a clerk "we are about to remove you for incompetency, explain," for the only reply could be, "I am not incompetent," which is no "explanation." Undoubtedly the charge may, in all cases, be "incompetency," if accompanied by some statement showing in what respect it is claimed to exist; and that certainly can always be stated when the charge itself is not a mere pretext for an undeserved removal. The best of clerks may become incompetent, with or without his fault, and such incompetency may be sufficient ground for removal in order to protect the public interests; but he is entitled to have the kind and nature of his incompetency stated and to have, upon such statement, an opportunity for explanation. In our judgment in no other way can the beneficial object of the statute be fairly obtained. None of the cases, as we understand them, are in conflict with these views, and we think, therefore, that the relator was improperly removed because the proceedings of the board were not taken in conformity to the statute.

As to the second question, the *allowing* of " an opportunity of making an explanation" is as essential under the statute as that the officer shall be " informed " of the cause of the proposed removal. " He must be informed, etc.," and then he must be " allowed an opportunity of making an explanation." To refuse such an opportunity is fatal to an order of removal. Of course it is sufficient to accompany the information of the cause of the proposed removal with a notice of time and place of hearing, and in default of any appearance the board may doubtless proceed to remove for sufficiently specified causes. But when the party appears the board must then allow him opportunity for explanation. To refuse it would be fatal to their further proceedings. It is the duty of this court, in all such cases, to see to it that the remedy of the statute is properly administered. And where the circumstances of the case show that a party has been unjustly deprived of the opportunity of explaining the court should not uphold a removal. In such a case it cannot truly be said that the party has been allowed an opportunity of making an explanation.

In the present case it is clearly shown that the relator while on the way to his office, with intention to appear at the time and place designated to make such explanation, was so suddenly and violently attacked as to require the immediate attention of two skillful surgeons and the performance by them of a painful operation occupying two hours of time, and rendering him wholly incapable of appearing before the board. It is said that this was his misfortune. So indeed it was, and if nothing more appeared the action of the board could not perhaps be disturbed on this ground ; but it appears without dispute that he immediately wrote a letter to the board stating the facts of his sickness and condition, which was delivered to them before their meeting, and informed them of his inability to be present. If the board had made inquiry as to the truth of the contents of the letter, the facts before us show that they would have found them to be true. They chose to make no inquiry but proceeded to remove the relator. Upon these facts it seems manifest to us that the board acted without " *allowing an opportunity of making explanation,*" within the true intent and meaning of the statute. These proceedings were harsh and unjustifiable and operated to deprive the relator of a right which the law secured to him.

It is not necessary to hold that their action was void, or that they lost jurisdiction to act. It is enough, we think, to see that their proceeding, even if strictly legal, did under the circumstances operate to deprive the relator of some right which the statute intended he should enjoy. We may in such a case correct the error resulting from a wrongfnl deprivation of a statutory right; and on this ground also we think the relator is entitled to a reversal of the proceedings.

The order of removal should be reversed, with costs.

Brady and Daniels, JJ., concurred.

Order reversed, with costs.