THE PEOPLE OF THE STATE OF NEW YORK ex rel. HORACE K. HILL, Street Commissioner of the Village of Williamsbridge, Westchester County, N. Y., Relator, v. ARTHUR J. MACE and Others, Constituting the Board of Trustees of Said Village, Defendants.

*Removal of a street commissioner from office — proof required.*

In order to remove a person from office, acts or omissions relating to his office, some dereliction, neglect of duty or incapacity, affecting his general character and fitness for office, must be found to have existed.

The fact that the street commissioner of a village openly refused to obey an order of the board of trustees of such village may not be sufficient to justify his removal from office, where the words were spoken under exasperating circumstances and while the street commissioner was laboring under the excitement of anger and a sense of indignity, if, as a matter of fact, he did obey such order of the board of trustees.

CERTIORARI issued out of the Supreme Court and attested on the 18th day of July, 1894, directed to Arthur J. Mace, John Davidson, Robert F. Johnston, Daniel P. Lellis and John H. Maloy, constituting the board of trustees of the village of Williamsbridge, Westchester county, N. Y., commanding them to certify and return to the office of the clerk of the county of Westchester all their proceedings, decisions and actions relating to the removal of the relator from the office of street commissioner of said village.

*J. W. Bastrom*, for the relator.

*Isaac N. Mills*, for the defendants.

PRATT J.:

This is a certiorari brought to review the action of the defendants as trustees in removing the relator from office as street commissioner.

The facts need not be stated at length further than to say that the charge was misconduct in office.

The first charge upon which he was found guilty reads as follows:

"At a meeting of the board of trustees held on the 14th day of June, 1894, charges were preferred against the commissioner, as follows:

"I do hereby prefer charges of misconduct in office against H. K. Hill, Street Commissioner of the village of Williamsbridge, as follows:

"1. That he has disobeyed the resolutions passed by the Board of Trustees of the village of Williamsbridge at an adjourned regular meeting of the said Board of Trustees, held in the Town Hall May 24th, 1894, commanding him, among other things, that 'no work be done on any street unless authorized by this board,' in that

"(A) On or about the 6th day of June, 1894, without having been authorized by the board of trustees, the said H. K. Hill, as street commissioner, did commence to fill in with earth the street known as 11th street, filling in the street both east and west of the White Plains road."

Upon this charge there was a fatal variance between the proof and the charge, and a failure of proof to substantiate the charge.

It appeared in the evidence that the resolution which it was claimed the relator disobeyed and upon which the charge was based, and which was served upon the relator, was as follows:

"H. K. Hill:

"By a resolution passed last night you were ordered to make written reports at every regular meeting of the board of all work done since previous meeting, the number of men, teams and carts employed at date of report; also to report when any street is completed. And you are further ordered to begin no new work on any street without orders from the board of trustees.

"By order of the board.

"ROBERT WALLACE,
"Village Clerk."

So that the order was that no "new" work on any street should be done without orders from the board of trustees. The fact turned

out to be that a trifling amount of work was done on Eleventh street, which had never been finished. It was not new work, and was so understood by the relator. It was a slight repair upon a street that had recently been graded that had sunken in places by reason of frost.

The only other charge upon which he was convicted is the following:

"IV. That on the 7th day of June, 1894, when the board of trustees at a meeting thereof passed a resolution, 'That the street commissioner is hereby ordered to stop digging the cellar at new school house, and also supplying stone to the contractors for that building,' and said resolution was communicated to him by the president *pro tem.* of the said Board of Trustees, the said H. K. Hill, street commissioner, openly, before said meeting of the Board of Trustees, did refuse to obey the said resolution."

In regard to this charge it is admitted by the defendants and made a part of the case as follows: "It is also admitted that the relator did not dig or cause to be dug any earth from the cellar at the new school house and did not supply any stone to the contractor for that building after the 7th day of June, 1894, the date of the passage of the last above-named motion or resolution (referring to the resolution upon which the above charge was based), but that he complied strictly with the instructions in said resolution contained."

All, therefore, that is left of the second charge is that, being asked by the president of the board, he "openly, before said meeting, * * * did refuse to obey the said resolution," but it is admitted above that he did obey the same to the letter. The circumstances under which that statement was made, taken in connection with the fact that he did obey it, do not make it sufficient cause of misconduct to warrant his removal from office. The words were spoken under exasperating circumstances, and while the relator was laboring under excitement of anger and a sense of indignity, and was not intended as a refusal to obey all lawful orders of the trustees. But merely saying what he did upon this occasion does not constitute neglect, malfeasance or misfeasance in office, and there was no authority to remove him from office shown. In order to remove a person from office there must be found acts or omissions relating to his office, some

To go back to the first charge, it is proper to remark that there is some confusion in the evidence, as it does not clearly appear who was in the habit of giving orders to the street commissioner, whether the committee on highways, the board of trustees, or whether the commissioner looked to the by-laws printed for the village for instruction. He had been instructed previously to repair this street, and there is no proof whatever that he either willfully or knowingly ever disobeyed any order of the board of trustees.

The judgment should be reversed and the relator restored to office.

