THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES F. KENNEDY, Respondent, *v.* THOMAS J. BRADY, Commissioner of Buildings for the Boroughs of Manhattan and the Bronx, Appellant.

NEW YORK CITY — WHEN CERTIORARI WILL NOT LIE TO REVIEW REMOVAL OF SUBORDINATE IN DEPARTMENT OF BUILDINGS. The removal, by the commissioner of the department of buildings in the city of New York, of a subordinate holding a position subject to competitive examination under the Civil Service Law, who has had an opportunity to make an explantion, where the reasons for the removal are stated in writing, are filed in the department and upon their face are entirely sufficient to justify it, is not a judicial act in nature or in character, and is, therefore, not reviewable by certiorari.

*People ex rel. Kennedy* v. *Brady,* 53 App. Div. 279, reversed.

(Submitted January 8, 1901; decided February 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered September 26, 1900, reversing on certiorari the determination of the defendant in removing the relator from the position of messenger in the department of buildings of the city of New York and reinstating him in that position.

The facts, so far as material, are stated in the opinion.

*John Whalen, Corporation Counsel (Eugene Otterbourg* of counsel), for appellant. The commissioner of buildings has the power to appoint subordinate officers and remove them upon their being given an opportunity of making explanation. (L. 1897, ch. 378, §§ 648, 1543; *People ex rel.* v. *Campbell,* 82 N. Y. 247; *People ex rel.* v. *Cruger,* 17 App. Div. 483;

1901.]    People ex rel. Kennedy *v.* Brady.    **45**

N. Y. Rep.]    Opinion of the Court, per O'Brien, J.

*People ex rel.* v. *Dalton,* 158 N. Y. 175; *People ex rel.* v. *Scannell,* 158 N. Y. 686; *People ex rel.* v. *Scannell,* N. Y. L. J., June 8, 1899.) The charges made against the relator herein were of a substantial character, and the explanation given by him in relation thereto, being unsatisfactory to the commissioner, justified his dismissal. (*People ex rel.* v. *La Grange,* 2 App. Div. 444; *People ex rel.* v. *Brady,* 43 App. Div. 60.) In reviewing removals on certiorari the courts have very clearly defined the requirements of the statute and refused to interfere with the discretion of the commissioner where the same was properly exercised. (*People ex rel.* v. *Bd. of Police Comrs.,* 93 N. Y. 97; *People ex rel.* v. *Bd. of Fire Comrs.,* 82 N. Y. 358; *People ex rel.* v. *French,* 110 N. Y. 494; *People ex rel.* v. *French,* 11 N. Y. S. R. 557; *People ex rel.* v. *French,* 119 N. Y. 493; *People ex rel.* v. *Bd. of Fire Comrs.,* 96 N. Y. 644; *People ex rel.* v. *Fire Comrs.,* 21 N. Y. S. R. 337; *People ex rel.* v. *Bd. of Fire Comrs.,* 77 N. Y. 153; *People ex rel.* v. *Bd. of Fire Comrs.,* 82 N. Y. 358; *People ex rel.* v. *Brady,* 43 App. Div. 60.)

*Julius M. Mayer* and *A. S. Gilbert* for respondent. The relator was entitled to an opportunity to make an explanation before he could be removed. (*People ex rel.* v. *Dalton,* 158 N. Y. 175; L. 1898, ch. 186, § 3.) The explanation of the relator was complete and showed no dereliction or incompetency for which he should have been removed. (*People ex rel.* v. *La Grange,* 2 App. Div. 444; 151 N. Y. 664; *People ex rel.* v. *Bd. of Fire Comrs.,* 72 N. Y. 448; *People ex rel.* v. *Brady,* 43 App. Div. 60; *People ex rel.* v. *Welles,* 5 App. Div. 523.)

O'Brien, J. The relator was a messenger in the department of buildings in the city of New York and within the provisions of chapter 186 of the Laws of 1898. That statute provides that if a person holding a position subject to the competitive examination in the civil service of the state or of the city, shall be removed or reduced, the reasons therefor

shall be stated in writing and filed with the head of the department, or other presiding officer, and the person so removed or reduced shall have an opportunity to make an explanation. On the 28th of March, 1899, the defendant, then being the commissioner or head of the department of buildings, made an order dismissing the relator from his position of messenger in the department. He stated the reasons for such removal in writing and filed the same in the department, and gave the relator before removal an opportunity to make an explanation. It is conceded that the reasons stated by the commissioner for the removal are, upon their face, entirely sufficient to justify his action, and it is also conceded that the relator had an opportunity to make an explanation. The removal was made after compliance with all the forms prescribed by the statute. The relator had notice of the charges and a hearing or an opportunity to make an explanation.

The Supreme Court, however, upon the writ of certiorari issued upon the relator's petition, reversed the determination of the defendant and reinstated the relator. There has never been any dispute in regard to the proceedings before the commissioner; that is to say, it is conceded that the reasons assigned by the commissioner for the removal are upon their face entirely sufficient, and that he had an opportunity to make an explanation, but the learned court below reversed the determination and reinstated the relator upon the ground that his explanation was sufficient, and assuming that his statement was correct, the removal was unauthorized. If the relator was entitled to a trial or a judicial hearing before removal, and the court below had power to deal with the facts of the case and to review the action of the defendant, then, I think, this court would have no power to interfere with the order of the court below, and the sole question to be determined upon this appeal is whether the learned court below had any power to interfere with the action of the defendant when it appeared that he complied with the statute by filing a statement of his reasons in writing, which, upon their face, justified the removal after the relator had an opportunity for explanation.

It seems to us that the learned court below had no power, under the circumstances of this case, to review the defendant's action in removing the relator. The writ of certiorari to review the action of public officers cannot issue except in the two cases specified in section 2120 of the Code. These cases are, *first*, where the right to the writ is expressly conferred or authorized by a statute; and, *secondly*, where the writ issued at common law by a court of general jurisdiction and the right to it or the power to issue it has not been expressly abolished by statute. There is no statute that confers the right to the writ of certiorari for the purpose of reviewing the determination of the defendant in this case, and the relator had no right to the writ unless it issued at common law in cases of like character. Official acts, executive, legislative, administrative or ministerial in their nature or character, were never subject to review by certiorari. The writ could be issued only for the purpose of reviewing some judicial act. (*People ex rel. Copcutt* v. *Board of Health*, 140 N. Y. 1; *People ex rel. Trustees, etc.*, v. *Board of Supervisors*, 131 N. Y. 468; *People ex rel. Second Ave. R. R. Co.* v. *Board of Park Commissioners*, 97 N. Y. 37; *People ex rel. Corwin* v. *Walter*, 68 N. Y. 403; *People ex rel. Schuylerville & U. H. R. R. Co.* v. *Betts*, 55 N. Y. 600.) The sole question, therefore, is whether the official act of the defendant in removing the relator was a judicial act in nature or character. Unless it was, the court below had no power to review it upon certiorari. The relator was entitled to an opportunity to make an explanation and this he had. He was entitled to have the reasons for his removal expressed in writing and filed in the department, and this provision of the statute was complied with. He was not entitled to be sworn or to introduce witnesses with respect to the truth or merits of the reasons which were assigned for his removal. He was not entitled to a trial or a judicial hearing, and, manifestly, there was no trial or judicial hearing before the commissioner. The statute simply provides that in such cases removals, when made, shall be accompanied with certain

formalities, and if these formalities are not complied with the party removed has a right to complain, and the action of the commissioner in such cases may be corrected, since there is no jurisdiction and, consequently, it is an error of law to make the removal without complying with the statute. But there is no statute and no rule of law that gives the right to the relator to review the merits of the case upon the facts, since the power of removal is conferred upon the commissioner in the broadest terms, subject to no limitation whatever, except that embodied in the statute which requires the reasons to be stated in writing and filed, and an opportunity for an explanation given. That is the law on the subject which was laid down by this court in the case of *People ex rel. Keech* v. *Thompson* (94 N. Y. 451). It was held in that case that where a statement of charges with a specification of facts furnishing sufficient cause for removal and sufficiently distinct to apprise the subordinate of the grounds upon which the charges are based, with notice of the time and place when an opportunity for an explanation will be given, is served upon him, and where, at the time and place specified, an opportunity for explanation is given, the requirements of the statute are met. It is not requisite that the charges and specifications should be drawn with the formal exactness of pleadings in a court of justice, nor is the subordinate entitled to a regular trial. The head of the department, if the explanations are not satisfactory to him, may, in his discretion, remove without calling witnesses to substantiate the charges or allowing testimony on the part of the subordinate. He may exercise the power of removal upon facts within his own knowledge or based upon information received from others. The reasons assigned for the removal must appear, upon their face, to justify the action; in other words, they must be substantial and not frivolous, but when they appear to be sufficient to justify the determination the courts have no power to interfere on the ground that the reasons, though good in themselves, had no existence as matter of fact, or that the explanation given by the subordinate should have

satisfied the head of the department.   In other words, the sufficiency of the  relator's explanation was a question for the commissioner  alone  to  determine,  and  the  courts  have  no power to interfere with his discretion in that regard.   (*People ex rel. Munday* v. *Board  of  Fire  Commissioners*, 72 N. Y. 445 ;  *People ex rel. Sims* v. *Board  of  Fire  Commissioners*, 73 N. Y. 440 ;  *People ex rel. Keech* v. *Thompson, supra.*)   It was said in the case last cited that " If the commissioner was to be  constituted a court for the purpose of trying every charge which might properly be preferred for violation of duty it would tend to very much  embarrass the action of that officer and also interfere with the interest of the public.   If the trial was to be had, the law, no doubt, would have so provided and not for an explanation merely.   In cases where the legislature intended that the removal should not  be  made without cause proven provision is made for the preferring of charges and an examination of the same.   This rule prevails as to members of the police force and also as to firemen."   It would seem to be quite clear, therefore, that the action of the defendant in removing the  relator was  not a  judicial proceeding in any legal sense, and that the writ of certiorari does not lie to review his action except, possibly, in cases where he has not complied with the law in filing written reasons and affording the subordinate an opportunity for explanation.   No case has been cited in this court where it was held that, after compliance with the formalities of the statute,  the  courts  could  institute an inquiry with  respect to the truth of the charges or the existence, as matter of fact, of the grounds stated for the removal.

The order of the Appellate Division should be reversed with costs, and the writ quashed.

Bartlett, J.   I dissent on the ground that the accused is entitled to know not only what the charges are, but his explanation must be received and acted upon in good faith and not arbitrarily.   (*People ex rel. Mitchel* v. *La Grange,* 2 App. Div. 444 ; affd. on opinion below, 151 N. Y. 664.)

I agree with the Appellate Division that this removal lacks good faith and was arbitrary.

PARKER, Ch. J., HAIGHT, MARTIN and VANN, JJ., concur with O'BRIEN, J., for reversal; LANDON, J., concurs with BARTLETT, J.

Order reversed, etc.