(63 App. Div. 435.)

PEOPLE ex rel. PAYNTAR v. GLEASON et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

MUNICIPAL CORPORATIONS—FIREMEN—REMOVAL—CERTIORARI.
      There being no common-law or statutory right to certiorari to review the act of fire commissioners of a city in removing a fireman in pursuance of its charter, certiorari will not lie to review such action, under Code, § 2120, authorizing certiorari to review acts of public officers only where the right to the writ is expressly conferred by statute, or where the writ issued at common law.

Certiorari by the people, on the relation of Thomas I. Payntar, against Patrick J. Gleason and others, as the board of fire commissioners of Long Island City, to review the action of the commissioners in discharging the relator from the fire department. Writ dismissed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Daniel Noble, for relator.
William J. Carr, for defendants.

SEWELL, J. Under the provisions of the charter of Long Island City (Laws 1894, c. 122), the fire commissioners had the power to select and appoint a chief engineer, and as many foremen, engineers, drivers, and firemen as may be necessary; the same to be at all times under the control of said commissioners, and to perform such duties as may be imposed upon them by the said commissioners. They were also given the power to make rules and regulations for their government, to impose such reasonable fines and forfeitures upon said employés for violation of the same, as the said commissioners may deem proper, and, for incapacity, neglect of duty, or misconduct, to remove them and appoint others in their places. No condition or form preliminary to removal is prescribed to vest in the commissioners the power of removal, and the right to a writ of certiorari is not given or authorized by the statute. It appears from the return herein that the relator, an engineer in the fire department of Long Island City, was removed by the commissioners for incapacity, and the principal question presented relates to the authority of this court to review the determination of the commissioners. The writ of certiorari to review the action of public officers can only issue where the right to the writ is expressly conferred or authorized by the statute, or where the writ issued at common law. Code, § 2120. The common-law certiorari is in the nature of an appeal from the determination of inferior tribunals and officers exercising, under the law, judicial functions, and there is no authority sanctioning its use for any other purposes. People v. Board of Sup'rs of Queens Co., 131 N. Y. 468, 30 N. E. 488. In People v. Brady, 166 N. Y. 44, 59 N. E. 701, it was held that the official act of a commissioner or other officer in removing a subordinate under the authority of a statute which makes no provision for a trial or judicial hearing is not a judicial act, and that this court has no power to review the merits of a case upon the facts where all the preliminaries in the statute have been complied with. In that case the question was whether the commissioners of the department of buildings in the city of New York had the right to remove a messenger, under the provisions of chapter 186 of the Laws of 1898, which provides that, if a person holding a position subject to the competitive examination in the civil service of the state or of the city shall be removed or reduced, the reason therefor shall be stated in writing, and filed with the head of the department or other presiding officer, and the person so removed or re-

duced shall have an opportunity to make an explanation. The court there said:

"The head of the department, if the explanations are satisfactory to him, may, in his discretion, remove, without calling witnesses to substantiate the changes, or allowing testimony on the part of the subordinate. He may exercise the power of removal upon facts within his own knowledge, or based upon information received from others. The reasons assigned for removal must appear, upon their face, to justify the action; in other words, they must be substantial, and not frivolous; but when they appear to be sufficient to justify the determination the courts have no power to interfere on the ground that the reasons, though good in themselves, had no existence as matter of fact, or that the explanation given by the subordinate should have satisfied the head of the department. In other words, the sufficiency of the relator's explanation was a question for the commissioners alone to determine, and the courts have no power to interfere with his discretion in that regard,"—and cited People v. Board of Fire Com'rs of City of New York, 72 N. Y. 445; People v. Same, 73 N. Y. 440; People v. Thompson, 94 N. Y. 451.

The law on this subject was laid down in the case of People v. Thompson, 94 N. Y. 151, where the question was whether the commissioners of public works had the right to remove the relator without a trial, and the court said:

"There is nothing in the statute which requires that the cause of removal shall be established by proof taken before the commissioner. No testimony is required to be taken as a basis of the commissioner's action. It is enough that he assigned a sufficient cause of removal, and furnished an opportunity to the relator for explanation of the same. * * * If the commissioner was to be constituted a court for the purpose of trying every charge which might properly be preferred for violation of duty, it would tend very much to embarrass the action of the officers, and also to interfere with the interests of the public. If a trial was to be had, the law, no doubt, would have so provided. In the cases where the legislature intended that the removal should not be made without cause proven, provision is made for the preferring of charges, and an examination of the same."

In view of these decisions, the case of People v. Sandford, 89 Hun, 605, 35 N. Y. Supp. 29, is not an authority for the proposition that the court can institute an inquiry with respect to the truth of the charges, or as to the existence, as matter of fact, of the ground stated for removal. In that case the power of the court to review the action of the defendants in removing the relator was not questioned. Each party assumed that the relator was entitled to a trial, and that the determination of the commissioners was subject to review.

Our conclusion, therefore, is that the writ of certiorari should be dismissed, with $10 costs and disbursements. All concur.