PEOPLE ex rel. DONNELLY v. HARVEY, Sheriff.

(Supreme Court, Appellate Division, Second Department.    June 5, 1908.)

PRISONS—EMPLOYÉS—REMOVAL—REVIEW BY COURT.
Where the reasons assigned for the removal of an assistant matron of the county jail by the sheriff under Laws 1899, p. 809, c. 370, § 21, as amended by Laws 1904, p. 1694, c. 697, providing that no person holding a position in the classified civil service shall be removed until allowed an opportunity for explanation, and requiring a statement showing the reasons for the removal to be entered in the department or office where such person shall have been employed, were on their face sufficient to warrant a removal, the court cannot go beyond that and determine whether the reasons had existence as a matter of fact, and cannot consider the explanation given by the person removed, and say that it was sufficient and ought to have been accepted.

Certiorari by the people, on relation of Mary A. Donnelly, against Herbert S. Harvey, as sheriff of Queens county, to review the removal of relator by the sheriff from her position as assistant matron of the county jail.  Removal confirmed.

The sheriff served on the relator the following notice:

"You are hereby requested to appear before me this 26th day of March, 1907, at 2 p. m., to answer the following charges, to wit:  Insubordination, refusing, upon reporting for duty, to ask the matron for the jail key, and upon retiring therefrom to leave said key with the matron personally.  Upon divers days leaving a jail door open leading from the jail to the Administration Building, and on one of these occasions leaving the jail key therein.  Also upon retiring from duty leaving the jail key in various places carelessly, and by such carelessness permitting the said key to be obtainable by any person, whether or not they be an official of the jail.  All of which is a willful neglect of duty upon your part, and tended to affect the security of the prisoners confined in the jail."

A formal hearing was given to her on the day appointed, and she explained and in some cases denied the charges.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

John B. Merrill, for relator.
John J. Trapp, for respondent.

GAYNOR, J.    Neither brief gives any clue to the statute under which the relator was removed, but it seems that it is section 21 of the state civil service law (Laws 1899, p. 809, c. 370, amended by Laws 1904, p. 1694, c. 697), which contains the following:

"In every county of the state wholly included within the limits of a city but not comprising the whole of such city, no regular clerk or head of a bureau or person holding a position in the classified state civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal the true grounds thereof shall be forthwith entered upon the records of the department of the office in which he has been employed, and a copy filed with the state civil service commission.  In case of a removal, a statement showing the reasons therefor shall be filed in the department or office where such clerk, head of a bureau or person had been employed."

As this does not call for a judicial proceeding, it is not easy to see how such a removal can be reviewed by the writ of certiorari.  Noth-

ing is more certain than that that writ lies only to review a determination of a judicial nature. It is true that it has been used to review removals under similar statutes, but apparently without objection. People ex rel. Munday v. Fire Commissioners, 72 N. Y. 445; People ex rel. Sims v. Fire Com'rs, 73 N. Y. 437, 440; People ex rel. Keech v. Thompson, 94 N. Y. 451; People ex rel. Mitchel v. La Grange, 2 App. Div. 444, 37 N. Y. Supp. 991, affirmed on opinion below, 151 N. Y. 664, 46 N. E. 1150. But the latitude taken in these cases in reviewing the removal has been very greatly curtailed in the recent case of People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701, if, indeed, the principles well asserted in that case, and upon which the decision there is put, do not make the writ of certiorari no longer possible in such a case. After pointing out that the writ of certiorari "could be issued only for the purpose of reviewing some judicial act," it is there said:

"The sole question, therefore, is whether the official act of the defendant in removing the relator was a judicial act in nature or character. Unless it was, the court below had no power to review it upon certiorari. The relator was entitled to an opportunity to make an explanation and this he had. He was entitled to have the reasons for his removal expressed in writing and filed in the department, and this provision of the statute was complied with. He was not entitled to be sworn or to introduce witnesses with respect to the truth or merits of the reasons which were assigned for his removal. He was not entitled to a trial or a judicial hearing, and, manifestly, there was no trial or judicial hearing before the commissioner. The statute simply provides that in such cases removals, when made, shall be accompanied with certain formalities, and if these formalities are not complied with the party removed has a right to complain, and the action of the commissioner in such cases may be corrected, since there is no jurisdiction and, consequently, it is an error of law to make the removal without complying with the statute. But there is no statute and no rule of law that gives the right to the relator to review the merits of the case upon the facts, since the power of removal is conferred upon the commissioner in the broadest terms, subject to no limitation whatever, except that embodied in the statute which requires the reasons to be stated in writing and filed, and an opportunity for an explanation given."

And it was then said:

"The head of the department, if the explanations are not satisfactory to him, may, in his discretion, remove without calling witnesses to substantiate the charges or allowing testimony on the part of the subordinate. He may exercise the power of removal upon facts within his own knowledge or based upon information received from others. The reasons assigned for the removal must appear, upon their face, to justify the action; in other words, they must be substantial and not frivolous, but when they appear to be sufficient to justify the determination the courts have no power to interfere on the ground that the reasons, though good in themselves, had no existence as matter of fact, or that the explanation given by the subordinate should have satisfied the head of the department. In other words, the sufficiency of the relator's explanation was a question for the commissioner alone to determine, and the courts have no power to interfere with his discretion in that regard."

This is all directly contrary to the opinion in the Appellate Division in the People ex rel. Mitchel v. La Grange, supra, which case was affirmed on that opinion on appeal; so that that case must be deemed overruled.

In the present case the reasons assigned for the removal were sufficient. This court cannot go beyond that; it cannot review whether

the said reasons had existence as matter of fact; it cannot consider the explanation given by the person removed and say it was sufficient. If no reasons were assigned for the removal, or if those assigned were insufficient or unlawful, the removal would be contrary to the requisites of the statute to make a lawful removal, or give jurisdiction to remove. Whether the writ of mandamus instead of the writ of certiorari is the remedy for such a case to reinstate the person removed is not now required to be decided as no objection to the latter writ is made by the respondent; but although the case is being voluntarily considered by this court under the writ of certiorari, it cannot be reviewed on the facts, but only in the matter of strict legality which has been mentioned. It should be noted that the said section 21 of the civil service law expressly provides that every one whose rights may be prejudiced contrary to the provisions of that section is entitled to the writ of mandamus to remedy the wrong; and that by a later provision therein the writ of certiorari is prescribed in the case of removals where a trial is required and had; the said section thus making the true distinction between the different offices of the said writs.

The action of the respondent should be confirmed.

Action of the respondent confirmed, without costs. All concur.