John B. Nesbitt, Esq. Village Attorney, Palmyra
I am writing in response to your request for an Attorney General's opinion as to whether a village may require its police officers to maintain certification in radar and breathalyzer operation, use of firearms and continuing education.
As stated in your letter, because of the expanding liability of municipalities under 42 U.S.C. § 1983 for injuries traceable to inadequately trained police officers, the Village of Palmyra is contemplating requiring its police officers to take, and pass, training courses in various aspects of law enforcement. These include training in operating radar devices, breathalyzer machines, firearm safety courses and continuing education. The village plans to pay all costs of the training. Your question is whether the village can discipline its officers for failing to pass these various training courses.
Training requirements for municipal police officers are set by the Division of Criminal Justice Services (Executive Law, §§ 835-846). Breathalyzer and radar training are not required by the Division's regulations (9 NYCRR §§ 6000-6026), although they may be a component of training programs. Training regulations require a minimum of twenty-four hours of instruction in firearm safety (id., § 6020.4). As the regulations note, however, the training program they set forth is only a minimum standard, and localities are encouraged to exceed the minimum program whenever possible (9 NYCRR § 6020.2).*
Accordingly, it is clear that the State has not preempted the authority of localities to set more rigid standards.
Civil Service Law, § 75 provides that members of the classified service may be disciplined only for incompetency or misconduct shown after a hearing (Civil Service Law, § 75[1]). Incompetency includes the inability of a worker to perform the duties required for a particular position (People v Board of Fire Commissioners, 72 N.Y. 445 [1878]). If the village were to require its police officers to perform breathalyzer tests and radar tests, inability to perform these tests, due to lack of certification, would mean the officer would be unable to perform the duties required. This finding could be the basis of a disciplinary hearing for incompetency. In your letter, you note that "the basic Civil Service qualifications do not require radar, breathalyzer, and firearm certifications". As you note, the Civil Service job description for police officers is very general and does not make specific reference to certifications of this type. This is purposely so because the duties of police officers are continually shifting and changing as law enforcement and crime detection techniques evolve. In our opinion, it is reasonable for a village to require certification in breathalyzer and radar testing because they have become integral parts of the duties performed by police officers. Similarly, requirements for advanced training in firearm safety or other job-related training courses may also be imposed.
We note that the certification requirement may be a term and condition of employment, and as such would be subject to mandatory negotiation under the Taylor Law (see CSEA v County of Montgomery, 18 PERB ¶ 3077 [1985]; CSEA v State of New York, 18 PERB § 306Y [1985]).
Accordingly, we conclude that a village may require its police officers to obtain certification in breathalyzer or radar testing, even though those certifications were not part of the job description at the time the officers obtained permanent civil service status.
* The relevant provisions of section 6020.2 read as follows:
"(1) It shall be clearly understood that the basic course described in subdivision (b) of this section is designed as an absolute minimum program. Police departments are encouraged to exceed this minimum program wherever possible. Regular in-service training beyond the basic course is strongly recommended for all police officers.
"(2) Nothing in this regulation shall limit or be construed as limiting the power of the civil service commission, police department or other agency or department of any county, city, town, village or police district to enable [sic., probably `enact'] rules and regulations which establish a higher standard of training above the minimum required by these rules and regulations, or which provide for the termination of the services of unsatisfactory employees during or upon completion of the prescribed probationary period" (9 NYCRR § 6020.2[1] and [2]).