(112 App. Div. 79)

PEOPLE ex rel. LAHEY v. WOODBURY, Street Com'r.

(Supreme Court, Appellate Division, Second Department. March 22, 1906.)

1. CERTIORARI—REVIEW OF NONJUDICIAL PROCEEDINGS.

Under New York City Charter, Laws 1901, p. 242, c. 466, § 537, providing that no member of the uniformed force of the department of street cleaning shall be removed till informed of the cause and allowed an opportunity of making an explanation, and that in every case of removal the true grounds thereof shall be entered on the records, and impowering the commissioner in his discretion, on evidence satisfactory to him that such a member of the force has been guilty of certain misconduct, to dismiss him from the force, the proceedings for removal are not judicial, and so cannot be reviewed by certiorari.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, §§ 84–89.]

New York City Charter, Laws 1901, p. 242, c. 466, § 537, which, after providing proceedings for removal of members of the street cleaning department, states that, in the event of the removal of a member, he shall

have the right to sue out a writ of certiorari or other appropriate remedy for the purpose of reviewing the action of the commission, does not make certiorari the appropriate remedy for review; it not otherwise being the appropriate remedy because of the proceedings for removal being nonjudicial.

Certiorari, on the relation of William Lahey, against John McGaw Woodbury, commissioner of street cleaning of the city of New York. Writ dismissed.

See 92 N. Y. Supp. 444.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edmund F. Driggs, for the relator.

Edward H. Wilson (James D. Bell, on the brief), for respondent.

RICH, J. This is a proceeding by certiorari to review an order made by the defendant dismissing the relator, a member of the uniformed force, from the street cleaning department of the city of New York. The action of the commissioner was taken under the provisions of section 537 of the charter of said city (Laws 1901, p. 242, c. 466), and this remedy is sought under the last clause of that section, which is as follows:

"In the event of the removal of any member of the clerical or uniformed force, he shall have the right to sue out a writ of certiorari or other appropriate remedy for the purposes of reviewing the action of the commissioner or his deputy."

The contention of the respondent is that the relator has mistaken his remedy; that mandamus, and not certiorari, is the appropriate proceeding for the relief which he seeks. Section 537 does not provide for a judicial proceeding. There is no right of trial upon evidence before the commissioner given by its provisions to a member of the uniformed force. He must be informed of the cause of his proposed removal, and given an opportunity of making an explanation, and, if removed the true grounds thereof must be entered upon the records of the defendant. These proceedings are in no sense judicial, and cannot be reviewed by certiorari. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701. The relator was entitled to personal notice of the commissioner's proposed action. It is conceded, however, that none was given. The commissioner, therefore, never obtained jurisdiction to make the order, his proceedings were for that reason invalid, and there is nothing to review by certiorari.

The relator has mistaken his remedy. The section does not confine the remedy to certiorari. Its language is, "He shall have the right to sue out a writ of certiorari or other appropriate remedy." This is, in effect, saying to an aggrieved person, "If certiorari is an appropriate remedy in your case, you may avail yourself of it; if not, you may have any other remedy that is appropriate."

The writ of certiorari must therefore be dismissed, with costs. All concur.