PEOPLE ex rel. PICCEOLA v. WOODBURY, Street Cleaning Com'r.

(Supreme Court, Appellate Division, First Department.  June 20, 1906.)

1. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—PROCEEDINGS OF ADMINISTRATIVE OFFICER.

Greater New York Charter, Laws 1901, p. 242, c. 466, § 537, providing that no member of the street cleaning department shall be removed until he has been informed of the cause of the removal and allowed an opportunity of making an explanation, does not authorize a trial or judicial hearing of any kind, but only a notification of the charge and an opportunity to make an explanation.

2. SAME.

A member of the street cleaning department of Greater New York, having appeared before the board of appeals of the department in response to notice, had fully explained to him charges as to obtaining his position by false naturalization papers.  The employé asked and was granted several adjournments before he was finally dismissed.  The true ground of his removal was entered on the records of the department.  Held, a sufficient compliance with Greater New York Charter, Laws 1901, p. 242, c. 466, § 537, providing that no member of the street cleaning department shall be removed until he has been informed of the cause of the removal and allowed an opportunity of making an explanation.

3. CERTIORARI—GROUNDS—PROCEEDINGS OF MUNICIPAL BOARD.

Dismissal of a member of the street cleaning department of Greater New York, after an "opportunity of making an explanation" of charges before the board of appeals of the department, as required by Greater New York Charter, Laws 1901, p. 242, c. 466, § 537, is not a judicial act reviewable by certiorari.

Writ of certiorari, on the relation of Pasquale Picceola, to review the action of John McGaw Woodbury, commissioner of the department of street cleaning of the city of New York, in removing the relator from such department. Writ dismissed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGH-LIN, LAUGHLIN, and CLARKE, JJ.

Samuel Wechsler, for relator.
Theodore Connoly, for respondent.

McLAUGHLIN, J.  The relator on the 29th of November, 1895, was appointed to a position as sweeper in the street cleaning department, and held such position until the 4th day of November, 1904, when he was summarily removed by the respondent. Thereafter the relator procured his reinstatement by peremptory writ of mandamus, inasmuch as he had not been given an opportunity to make an explanation as to his false naturalization papers, and he continued in such position until the 15th day of June, 1905, when he was again dismissed. To review the action of the commissioner in thus removing him, the relator applied for and obtained a writ of certiorari. When the relator was originally appointed in 1895, section 705 of the consolidation act (Laws 1882, p. 198, c. 410), then in force, as amended by chapter 368, p. 779, of the Laws of 1894, after referring to the street cleaning commissioner, provided:

"All employés and officials under and by virtue of this act shall be citizens of the United States and residents of the city and county of New York."

This provision continued in full force and effect until January 1, 1898. Prior to the relator's appointment he represented himself to be a citizen of the United States and a resident of the city of New York, and by reason of such representations obtained the appointment. On November 3, 1904, the respondent, as street commissioner, received a communication from the office of the United States District Attorney containing a list of employés who had gained admission to the department of street cleaning by means of false naturalization, and among the names was the relator's and on his consent some time thereafter a justice of this court canceled his naturalization papers. The respondent, having knowledge of these facts, on the 26th of April, 1905, directed the relator to present himself with a certificate of naturalization for inspection by the board of appeals of the department. The relator appeared as directed, but did not present his certificate of naturalization and asked for an adjournment. The charge which was made against him of obtaining the position by false representations was fully explained to him, and the hearing was then and on three other occasions adjourned at relator's request. On the fourth adjournment, the relator having failed to present his certificate of naturalization, he was, on June 13, 1905, dismissed from the department, and the cause of his dismissal was obtaining employment in the department by means of fraudulent certificate of citizenship.

I am of the opinion that the writ should be dismissed. The relator was not entitled to a trial before his removal. He was, however, en-

titled to be informed of the charge against him, and to be allowed an opportunity to make an explanation (section 537, Greater New York Charter, Laws 1901, p. 242, c. 466) and these he had. The return to the petition for the writ, and which must be accepted as true, states that the relator was notified to appear, and in response to such notice he did appear and ask for an adjournment, and then the charges against him were "fully explained to him." The true ground of his removal was entered upon the records of the department, and he was given written notice of the cause of his removal, which was that he had "obtained employment in this department by means of fraudulent certificate of citizenship."

The relator was not entitled to be sworn or to introduce witnesses in his own behalf, nor was he entitled to a trial or judicial hearing of any kind. All he was entitled to was to be notified of the charge and afforded an opportunity to make an explanation. This he had, and the act of the commissioner in removing him was not a judicial act in any sense, for which reason it cannot be reviewed in the manner here sought. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701; People ex rel. Lahey v. Woodbury (Sup.) 98 N. Y. Supp. 142.

It follows, therefore, that the writ should be dismissed, with $50 costs and disbursements, and the action of the commissioner in dismissing the relator sustained. All concur.

---

## TOWN TOPICS PUB. CO. v. COLLIER et al.

(Supreme Court, Appellate Division, First Department. June 20, 1906.)

1. LIBEL AND SLANDER—WORDS ACTIONABLE PER SE.

    A newspaper article charging a corporation with blackmail is libelous per se.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 34.]

2. SAME—COMPLAINT—BILL OF PARTICULARS.

    One sued for publishing an article libelous per se is not entitled to a bill of particulars of the items of the general damage sustained.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 233.]

3. SAME—DEMAND FOR GENERAL DAMAGES.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 233.]

Appeal from Special Term, New York County.

