In the Matter of the Application of the DENTAL SOCIETY OF THE STATE OF NEW YORK, Appellant, for a Writ of Mandamus, *v.* JACOB V. JACOBS, Clerk of the County of Rensselaer, Respondent.

*Mandamus — its purpose — when allowed against a ministerial officer — not granted to expunge from the records in a county clerk's office the registration of a dentist.*

A mandamus is only allowed against a ministerial public officer when a person has a legal right which he is entitled to enforce, and the ministerial public officer whose duty it is to enforce such right refuses to perform his duty.

As a general proposition the office of a writ of mandamus is to compel the performance of an act which the law specifically enjoins, and not to undo an act already done.

As that portion of the Public Health Law (Laws of 1893, chap. 661, §§ 160–162, as amd.) relating to the practice of dentistry and to the licensing and registration of dentists makes no provision for the revision and correction of the list of registered dentists in the offices of the several county clerks, or for canceling the registration of a dentist who has, by inadvertence or design, been registered by a county clerk without having been licensed as provided by statute, a writ of mandamus will not be issued, at the instance of the Dental Society of the State of New York, requiring a county clerk to expunge from the official records under his charge the registration of a dentist, who, through inadvertence or design, had been improperly registered by a former county clerk.

APPEAL by the petitioner, the Dental Society of the State of New York, from an order of the Supreme Court, made at the Columbia Special Term and entered in the office of the clerk of the county of Rensselaer on the 5th day of July, 1904, denying the petitioner's motion that a peremptory writ of mandamus be issued directing the clerk of Rensselaer county to cancel, erase and expunge from his records and files the entry of the name of William E. Walker on the book of registry of dentists of said county, and also the affidavit of said Walker appearing upon said book of registry of dentists, and verified August 19, 1895.

On the 19th day of August, 1895, said William E. Walker made an affidavit before the clerk of the county of Rensselaer, a copy of which, other than the formal parts, is as follows: " William E. Walker being duly sworn deposes and says that his name is William E. Walker, that his age is 33, and that the legal authority by which he is practising dentistry within this State was conferred upon him by Diploma from Wisconsin Dental College.   *   *   *   Dated May 5, 1893."

It is claimed that such affidavit has been changed and that in 1900 and prior thereto the date of the diploma as stated in the affidavit was "May 5, *1883.*" The affidavit is partly printed and partly written on a page of a bound volume kept by said clerk in his office. Upon said affidavit said William E. Walker was on said 19th day of August, 1895, registered in a book in said office known as "Dentist's Registry." Said book is ruled in columns, and the entries therein relating to said Walker are as follows : " In the column headed ' Date of Registration ' the words and figures 'August 19, 1895,' in the column headed ' Name ' the words ' William E. Walker,' in the column headed ' Post Office Address ' the figures and words ' 32 Fourth st.,' in the column headed ' P. O. Address ' are the words and letters ' Troy, N. Y.' "

Said Walker continued in the practice of dentistry in the said county of Rensselaer for several years, and is now practicing dentistry in Columbia county. He has never been licensed by the Regents of the University of the State of New York. The Wisconsin Dental College was not on the 19th day of August, 1895, nor at any time prior thereto or since, a registered dental school. It is claimed that the Wisconsin Dental College sold its diplomas and that said Walker purchased a diploma from said college for fifty dollars.

In 1900 said Walker was notified by the Dental Society of the State of New York that he was not licensed in conformity with the Public Health Law and that he must cease practicing as a dentist. It appears that thereafter and on the 12th day of March, 1900, said Walker made an application by petition to the Supreme Court " That he be permitted to file the certificate of study under private preceptorship with the Secretary of the State Dental Society required of students of dentistry prior to the passage of Chapter 626 of the Laws of 1895 of the State of New York,* and that such certificate be so filed *nunc pro tunc* as of July 31st, 1893 ; and that he be further permitted to file his notice that he intends to avail himself of the exemption provided for in Chapter 626 of the Laws of the State of New York enacted for the year 1895 † with the Board of Regents of the University of the State of New York, *nunc pro tunc* as of

---

* See Public Health Law (Laws of 1893, chap. 661), § 163.— [REP.

† See Public Health Law, § 163, as amd. by Laws of 1895, chap. 626.— [REP.

September 1st, 1895." In such petition said Walker stated that he had been a student of dentistry continuously since 1888 ; that he was a student of a person named, at Pittsfield, Mass., from November, 1888, to September, 1892 ; with a duly licensed practitioner of dentistry in Troy in this State from September, 1892, until July 1, 1899, with the exception of the year 1895 when he was a student and employee with another duly licensed practitioner of dentistry in the State of New York doing business at Albany, and that the petition was made in pursuance to a suggestion made to him by the secretary of the Board of Regents of the University of the State of New York. An order was granted at the Special Term in accordance with the prayer of the petition but said Walker never presented himself for examination. On the 4th day of November, 1901, said Walker made an affidavit before the county clerk of Columbia county, in which he stated among other things that he had a license issued August 19, 1895, and that he had complied with all the preliminary requirements of chapter 626 of the Laws of 1895, and the rules of the Regents and the Board of Dental Examiners of the State of New York as to the terms and amount of study and examinations.

He did not present a certificate showing that the original registration was of an authority issued under seal by the Regents and the certificate was not indorsed by the Regents as entitled to registration. (See Laws of 1893, chap. 661, art. 9, § 162, as amd. by Laws of 1895, chap. 626 ; Laws of 1896, chap. 297, and further amd. and renumbered as § 169 by Laws of 1901, chap. 215.) He was registered in Columbia county.

On the 30th day of March, 1903, a bill was introduced in the Assembly of the State of New York to legalize, ratify and confirm the registration of Walker as a dentist in the county of Rensselaer, but the proposed act did not become a law. Criminal proceedings were commenced against the said Walker in the counties of Rensselaer and Columbia for illegally practicing as a dentist in said counties respectively. The grand jury failed to indict said Walker in either county. The reason as stated by the district attorney of one of said counties was that so long as the name of Walker appeared upon the registry of licensed dentists in the county clerk's office the grand jury were unwilling to find a bill of indictment

against him. Thereafter a demand was made upon the clerk of the county of Rensselaer by the said Board of Dental Examiners, and also by the Commissioner of Education on behalf of the University of the State of New York that he cancel and expunge from the record said affidavit and said registration. Said clerk refused to comply with such demand without an order of the court therefor. This motion was then made. The notice of motion and a copy of the papers upon which it is founded were personally served upon said clerk and upon William E. Walker. Upon the day upon which the motion came on to be heard said Walker did not appear, but one of the counsel who had appeared for him in opposition to an application to resubmit the charge against Walker to the grand jury in Columbia county appeared on behalf of the clerk of Rensselaer county, but did not in any way deny the allegations contained in the papers used by the relator on the motion. The motion was denied, " but without prejudice to the bringing of any new proceeding or action in which William E. Walker shall be made a party, or to renewal of this motion."

From the order so entered this appeal is taken.

*W. A. Purrington* and *Samuel B. Coffin,* for the petitioner.

CHASE, J. :

On August 19, 1895, when the affidavit of Walker was made, article 9 of chapter 25 of the General Laws, known as " The Public Health Law " (Laws of 1893, chap. 661), had been generally amended by chapter 626 of the Laws of 1895. Said article relates to the practice of dentistry. As so amended it provides : " Licentiates.— Only the following persons shall be deemed licensed to practice dentistry :

" 1. Those duly licensed and registered as dentists in this State prior to the first day of August, eighteen hundred and ninety-five, pursuant to the laws in force at the time of their license and registration.

" 2. Those duly licensed and registered after the first day of August, eighteen hundred and ninety-five, pursuant to the provisions of this chapter." (§ 160.)

It also provides for a State Board of Dental Examiners (§ 161) and it also provides that such board shall, in connection with the

Regents, make rules for the examination of candidates for license to practice dentistry. (§ 162.) It also provides who shall be entitled to take such examinations. (§ 162.)

It also provides : " Licenses.— On certification by the board of dental examiners that a candidate has successfully passed the examination and is competent to practice dentistry the regents shall issue to him their license so to practice pursuant to the rules established by them. Upon the recommendation of the board, the regents may also, without the examination hereinbefore provided for, issue their license to any applicant therefor who shall furnish proof satisfactory to them that he has been duly licensed to practice dentistry in any State or country after full compliance with the requirements of its dental laws, and has been thereafter lawfully and reputably engaged in such practice for five years next preceding his application ; provided, that his preliminary and professional education shall have been not less than that required in this State. The regents may also license any applicant on the certificate of the board that after due investigation or examination it finds his education and professional attainments and experience of not less than five years in actual practice to be together fully equal to the requirements for license in this State. Every license so issued shall state upon its face the grounds upon which it is granted and the applicant may be required to furnish his proofs upon affidavit." (§ 162.)

It also provides : " Registration.— Every person practicing dentistry in this State and not lawfully registered before this act takes effect, shall register in the office of the clerk of the county where his place of business is located in a book kept by the clerk for such purpose, his name, age, office and post-office address, date and number of his license to practice dentistry, and the date of such registration, which registration he shall be entitled to make only upon showing to the county clerk his license or a duly authenticated copy thereof, and making an affidavit stating his name, age, birthplace, the number of his license and the date of its issue, that he is the identical person named in the license, that before receiving the same he, complied with all the preliminary requirements of this statute and the rules of the regents and board as to the terms and the amount of study and examinations ; that no money, other than the fees prescribed by this statute and rules, was paid directly or

indirectly for such license, and that no fraud, misrepresentation or mistake in a material regard was employed or occurred in order that such license should be conferred. The county clerk shall preserve such affidavit in a bound volume and shall issue to every licentiate duly registering and making such affidavit a certificate of registration in his county, which shall include a transcript of the registration. Such transcript and the license may be offered as presumptive evidence in all courts of the facts stated therein." (§ 162.)

Since 1895 said article of the Public Health Law has been amended by chapter 297 of the Laws of 1896, chapter 355 of the Laws of 1898, chapter 215 of the Laws of 1901 (sections renumbered), and chapter 210 of the Laws of 1902, but the changes do not affect the question as to whether the clerk of Rensselaer county rightfully registered said Walker as a dentist on August 19, 1895, and do not in any way confirm or ratify said registration.

As Walker was not duly licensed and registered as a dentist in this State prior to August 1, 1895, it was absolutely necessary for him to obtain a license from the Regents of the University of the State of New York to entitle him to registration after that date. He has never obtained such a license and the affidavit presented by him to the clerk of Rensselaer county not only did not comply with the statutory requirements but wholly failed to present to such clerk any authority or justification for registering Walker as a dentist.

Public interest demands that a true register of dentists be kept, and provision is made in the statute to prevent an erroneous registration of dentists by providing that a county clerk who knowingly shall make or suffer to be made upon the book of registry of dentists kept in his office any other entry than is provided for in section 169 shall be liable to a penalty of fifty dollars to be recovered by the State Dental Society in a suit in any court having jurisdiction. (Pub. Health Law [Laws of 1893, chap. 661], § 162, as amd. by Laws of 1895, chap. 626; Laws of 1896, chap. 297, and amd. and renumbered as § 169 by Laws of 1901, chap. 215.) The statute makes provision for revoking licenses and canceling the registration of dentists when the holders thereof are found guilty of unprofessional or immoral conduct or of gross ignorance or ineffi-

ciency in their profession or are convicted of a felony (Pub. Health Law [Laws of 1893, chap. 661], § 162, as amd. by Laws of 1895, chap. 626, Laws of 1896, chap. 297, and amd. and renumbered as § 169b by Laws of 1901, chap. 215), but no provision is made in the statute for the revision and correction of the list of registered dentists in the office of the several county clerks or for canceling the registration of a dentist who has by inadvertence or design been registered by a county clerk without having been licensed as provided by statute.

While a person cannot practice dentistry without subjecting himself to punishment unless he is *licensed to practice as such and registered* (Pub. Health Law [Laws of 1893, chap. 661], § 164, as amd. by Laws of 1895, chap. 626; Laws of 1898, chap. 355, and amd. and renumbered as § 169d by Laws of 1901, chap. 215), the remedy for avoiding a possible color of title by reason of an erroneous and illegal registration is not specifically provided. A mandamus is only allowed against a ministerial public officer when a person has a legal right which he is entitled to enforce and the ministerial public officer whose duty it is to enforce the right refuses to perform his duty. So the right to a mandamus in this case to compel the defendant to cancel the registration of Walker depends upon the question whether it was the duty of the defendant at the request of the relator to cancel and erase the registration of Walker without the mandamus. It would be dangerous to assume that clerks of courts and of counties, without special statutory authority or regulation or the judgment of a court therefor, are authorized to physically erase and destroy records made by them or by their predecessors in office and remove papers from their files upon the suggestion of an individual or of a *quasi* public corporation that the record or entry should not have been made or the paper filed. (See *Matter of Molineux* v. *Collins*, 177 N. Y. 395.)

The registration of Walker in the office of the clerk of the county of Rensselaer was made on the 19th day of August, 1895. The defendant came into office as the clerk of the county of Rensselaer on the first day of January preceding the application for this writ in June, 1904. The defendant was asked by the relator to cancel and expunge from the record in his office the entry of the

name of William E. Walker on the book of registry of dentists in said county, and also to cancel and remove from the files of his office the said affidavit of William E. Walker. We do not think that it was the defendant's public duty to comply with the request.

It may be stated as a general proposition that the office of the writ of mandamus is to compel the performance of an act which the law specifically enjoins and not to undo an act already done. (13 Ency. of Pl. & Pr. 497; 19 Am. & Eng. Ency. of Law [2d ed.], 743.) The authorities referred to us by the relator are based upon a judgment of a court or upon some statute expressly relating thereto and authorizing the act which the ministerial officer refused or neglected to perform. Thus, in *People ex rel. Livingston* v. *Taylor* (45 Barb. 129), it was held that a mandamus would lie to the commissioner of jurors to compel him to strike from the list of jurors the name of a person not liable to jury duty. The authority for the writ there considered was section 3 of chapter 495 of the Laws of 1847, which provides that after notice published, as in the statute prescribed, stating that the jury list was "ready for examination and *correction*," that then "the names of all persons found to be exempt from serving as jurors shall be struck from the list and the ground of exemption recorded." In that case there was a legal duty resting upon the commissioner of jurors and the specific remedy was properly enforcible by mandamus.

So in *People ex rel. Ostrander* v. *Chapin* (105 N. Y. 309) it was held that a writ of mandamus would issue to compel the Comptroller to cancel a tax sale and refund the purchase money where the purchaser alleges and presents proof to show that the tax was invalid. This decision rests, however, upon section 83 of chapter 427 of the Laws of 1855, which provides: "Whenever the comptroller shall discover prior to the conveyance of any lands sold for taxes that the sale was for any cause whatever invalid or ineffectual to give title to the lands sold, the lands so improperly sold shall not be conveyed, but the comptroller shall cancel the sale and forthwith cause the purchase money and interest thereon to be refunded out of the State treasury to the purchaser, his representatives or assigns."

So in many cases relating to the cancellation of taxes and tax sales and for the removal of exempt property from assessment rolls

there is by virtue of the statutes a legal right in the relators to have the administrative officer perform specific duties for a specific purpose.

In other cases where mandamus has been issued to compel the correction of records the authority for the writ is based upon the fact that until the record is correctly made the legal duty resting upon the administrative officer has not been performed.

In this case, when Walker in August, 1895, presented his affidavit to the clerk, the facts contained therein were wholly insufficient to entitle him to registration and there was nothing for the clerk to do — no legal duty to perform. The registration was a distinct and completed act wholly outside of public duty. When a paper is filed in a public office, although the paper is insufficient for the purpose intended, and entries are made by a public officer not authorized by the paper so filed, it cannot be said to be the duty of a successor of such public officer to remove such paper from the files of the office and cancel the entries made in assumed compliance with such paper unless there is some statutory authority or judgment of a court of competent jurisdiction therefor. So the failure of the defendant to cancel and expunge the name of Walker from the register of dentists and to remove from the files of his office the affidavit so made by Walker was not such a failure to perform a clear ministerial public duty as to require the court to direct by mandamus that such cancellation be made and that such paper be removed from the files.

We regret that we are unable to reverse the order and direct the cancellation of the registration at this time. Application should be made to the Legislature for authority by the several county clerks under appropriate regulations to correct the registration of dentists in their several offices on application therefor and on notice to the person or persons interested and for a review of the determination of such clerks by the courts.

The order should be affirmed, without costs.

All concurred.

Order affirmed, without costs.