(114 App. Div. 888)

PEOPLE ex rel. SHOOK v. KELSEY (MUTUAL LIFE INS. CO. OF NEW YORK et al., Interveners).

(Supreme Court, Appellate Division, Third Department. August 30, 1906.)

1. MANDAMUS—TO OFFICERS—CHANGING RECORDS.

Laws 1906, c. 326, requires the trustees of an insurance company to nominate candidates for every vacancy, and to file a statement thereof in the office of the superintendent of insurance, and to mail to each policy holder a statement of the candidates so nominated and by any policy holders, as permitted by the statute; the inclosures so mailed to be approved by such superintendent before being mailed. Chapter 354 provides that the election shall be under the supervision of such superintendent. *Held* that, there being nothing in the act which authorizes such superintendent to change a nomination, mandamus will not lie to compel him to change the record of nominations filed with him.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, §§ 139, 178.]

2. SAME—TO INSURANCE COMPANIES.

Mandamus will not lie to insurance companies to send to policy holders a different statement of nominations for officers than Laws 1906, c. 326, requires.

Appeal from Special Term.

Mandamus by the people, on the relation of Alfred M. Shook, against Otto Kelsey, superintendent of insurance of the state; the Mutual Life Insurance Company of New York and others intervening. From an order denying the writ, relator appeals. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Samuel Untermyer, for appellant.

Julius M. Mayer, Atty. Gen. (James G. Graham, Deputy Atty. Gen., of counsel), for respondent.

James McKeen, for intervening respondents.

PER CURIAM. Chapter 326 of the Laws of 1906 requires the trustees of the company to nominate candidates for every vacancy at least five months before the election, which is fixed for December 18th, and file a statement of the same in the office of the superintendent of insurance, at its home office, and with every general agency of the company, and requires the company, two months prior to the election, to mail to each policy holder a statement of the candidates so nominated by it and by any policy holders, as permitted by the statute. This statement of nominations, forms of proxies, and certain instructions, with a stamped envelope, are to be mailed to each policy holder. The statute provides that the inclosures so mailed shall be approved by the superintendent of insurance before being mailed. This does not recognize any authority in him to change the nominations, or authorize him to make any different statement of the nominees than the ones filed. Chapter 354 of the Laws of 1906 provides that the election shall be under the supervision of the superintendent of insurance. This does not purport to give him any authority to change the nominations as made. There is no provision made in the statute

for changing a nomination after it is made, except in case of the death or incapacity of a nominee.

In Dental Society v. Jacobs, 103 App. Div. 86, 92 N. Y. Supp. 590, it was held by this court that a public officer cannot by mandamus be compelled to change a record in his office, except in cases where it is expressly authorized by statute. This court cannot, therefore, compel the superintendent of insurance to change the record of nominations filed with him. Neither can it require the company to send a different statement of nominations to the policy holders than that required by the statute.

The order appealed from is therefore affirmed, with costs.