(120 App. Div. 807)

PEOPLE ex rel. BAUM v. BUTLER, Tenement House Com'r.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

1. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—PROCEEDINGS.

Greater New York Charter, Laws 1901, p. 636, c. 466, p. 636, § 1543, provides that the heads of all departments, except as otherwise specially provided for, shall have power to remove all officers, employés, and subordinates in their respective departments, without reference to the tenure of the office of any appointee, except that no person holding a position in the classified municipal service subject to a competitive examination shall be removed until he has been allowed an opportunity to make an explanation, and in each case the true grounds of the removal shall be forthwith entered on the records of the department and a statement of the reason filed in the department. *Held*, that where relator, holding a posi-

tion as tenement house inspector, was not a veteran nor an exempt fireman, he was subject to removal under such section for a substantial reason. after having been accorded an opportunity to make an explanation, without trial or judicial hearing, and without right to be sworn or introduce witnesses as to the merits of the reasons assigned for his removal.

2. SAME—TIME TO PREPARE EXPLANATION.

Where a tenement house inspector, removable for a substantial reason, without trial, was notified of the charges preferred against him and given 24 hours in which to make an explanation, and he made no application for an adjournment, nor for an opportunity to examine the records, he was not thereafter entitled to object that his removal was invalid, because no sufficient time was given to allow him to explain the charges and inspect the records.

Appeal from Special Term, New York County.

Mandamus by the people, on relation of Joseph L. Baum, against Edmond J. Butler, as commissioner of the tenement house department of the city of New York, to compel respondent to reinstate relator in the position of tenement house inspector. From an order granting a peremptory writ, respondent appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and LAMBERT, JJ.

William B. Ellison, Corp. Counsel (Theodore Connoly and Royal E. T. Riggs, on the brief), for appellant.

Edward Stetson Griffing (Andrew J. Scoble, on the brief), for respondent.

CLARKE, J. This is an appeal from an order of the Special Term granting a peremptory writ of mandamus to compel the reinstatement of the relator to the position of tenement house inspector, from which he was removed on February 26, 1905. The relator was not a veteran, nor an exempt fireman, and therefore, charges having been preferred against him, his sole rights under the provisions of section 1543 of the charter (chapter 466, p. 636, of the Laws of 1901), was to be allowed an opportunity of making an explanation. He was served at 10:30 o'clock on the morning of February 19, 1906, with specifications of charges, with notice that he would be given an opportunity to explain February 20th at 9 o'clock. He appeared before the commissioner at the time and place indicated. He states in his petition that he was entitled to counsel; that the commissioner refused to make a record of the proceedings; that he refused to grant petitioner more time to explain said charges, or to allow him to know the evidence against him, or to produce witnesses on his behalf; that the commissioner insisted that he explain said charges, but that he could not adequately do so without inspecting the records, which he had had no opportunity to do. He also complained that the proceeding was not legal, because the commissioner preferred the charges against him, tried him, and judged him, which was illegal. The answering affidavit by the commissioner, which upon this proceeding must be taken as true, is that the petitioner did not, prior to the hearing or at any time, ask for leave to inspect the records or documents of the department, that he did not ask for time to prepare himself, and that he did not ask for an adjournment. The charges were specific and substantial. The com-

missioner, having given an opportunity for explanation and not having been satisfied therewith, removed the petitioner and duly complied with the requirements of the law by filing the true grounds therefor in writing.

The petitioner, as is evidenced by the contents of his petition and the brief of his counsel, is mistaken in his conception of the nature of the proceedings provided for in section 1543 of the charter, supra, and his rights thereunder. In People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701, the Court of Appeals said:

"He was not entitled to be sworn or to introduce witnesses with respect to the truth or merits of the reasons which were assigned for his removal. He was not entitled to a trial or a judicial hearing. * * * There is no statute and no rule of law that gives the right to the relator to review the merits of the case upon the facts, since the power of removal is conferred upon the commissioner in the broadest term, subject to no limitation whatever, except that embodied in the statute, which requires the reason to be stated in writing and filed, and an opportunity for an explanation given"—citing People ex rel. Keech v. Thompson, 94 N. Y. 451.

It was there said:

"The head of the department, if the explanations are not satisfactory to him, may, in his discretion, remove, without calling witnesses to substantiate the charges or allowing testimony on the part of the subordinate. He may exercise the power of removal upon facts within his knowledge or based upon information received from others. The reasons assigned for the removal must appear upon their face to justify the action; in other words, they must be substantial, and not frivolous. But, when they appear to be sufficient to justify the determination, the courts have no power to interfere on the ground that the reasons, though good in themselves, had no existence as matter of fact, or that the explanation given by the subordinate should have satisfied the head of the department."

The learned Special Term granted the writ, as it appears from its opinion in the record, because the petitioner had in effect no time to prepare his explanation; but he had 24 hours, and he made no application for an adjournment, and no appplication for an opportunity to examine the records. He is in no position at this late date to raise such a question. In People ex rel. Holden v. Woodbury, 88 App. Div. 593, 85 N. Y. Supp. 161, affirmed 179 N. Y. 525, 71 N. E. 1137, a charge of insubordination was immediately preferred against a subordinate by the commissioner, and he was then and there allowed an opportunity to make an explanation; no charges in writing having been made. In spite of his protests against proceeding without notice and time to prepare a defense, he was subsequently removed. This court said:

"The only question presented is whether, upon these facts, he had a reasonable opportunity to make an explanation. We think he did. * * * It will be observed that the statute does not fix any time within which one shall be accorded an opportunity to make an explanation. All it says is that he shall have such opportunity. * * * He knew what the charge was, and was given an opportunity to explain his conduct. This is all the statute required."

Upon this record the peremptory writ of mandamus should not have been issued. Therefore the order allowing the same, here appealed from, should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.