In the Matter of WILLIAM E. WALKER, Respondent,
against THE BOARD OF REGENTS OF THE UNIVERSITY
OF THE STATE OF NEW YORK, Appellant.

(Argued December 13, 1935; decided January 8, 1936.)

*John J. Bennett, Jr., Attorney-General (Dorothy U. Smith* and *Henry Epstein* of counsel), for appellant. The registration and color of authority for the practice of dentistry procured by petitioner was procured and is possessed through fraud or deceit. (Cons. Laws, ch. 16, § 1311; Laws of 1895, ch. 626; Laws of 1893, ch. 661; Laws of 1879, ch. 540.) The determination by the Board of Regents was in accord with the evidence and the weight of evidence. (*Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265.)

*Robert C. Killough, Jr., Matthew M. Dunne* and *Charles J. Tobin* for respondent. In the written charges there is no definite allegation of fraud sufficient to bring the proceeding within section 1311 of the Education Law. (Cons. Laws, ch. 16; *Dyment* v. *Board of Medical Examiners*, 57 Cal. App. 260.) Assuming that there are proper charges and findings of fraud the evidence is not sufficient to sustain the charges or warrant the findings. (*People ex rel. Greenberg* v. *Reid*, 151 App. Div. 324; *State ex rel. Williams* v. *Purl*, 228 Mo. 1.)

CRANE, Ch. J. This is a proceeding to review a determination of the Board of Regents of the State of New York revoking, annulling and canceling whatever license, right or color of authority William E. Walker had to practice dentistry, and directing that his registration, wherever it may appear, be annulled and canceled of record.

The action of the Board of Regents was taken pursuant to section 1311 of the Education Law (Cons. Laws. ch. 16), which provides that the license and registration of a practitioner of dentistry may be revoked where the dentist is grossly ignorant or inefficient in the practice of dentistry, or the dentist is guilty of fraud or deceit in his practice or in procuring admission to practice. Charges of inefficiency, and deceit in procuring admission to practice were preferred to the Board of Dental Exam-

iners by the Secretary of the Board, and many hearings were had and much testimony taken. The committee appointed pursuant to law to hear the evidence made findings wherein they stated:

"*First.* That the respondent is practicing dentistry in the State of New York by reason of an affidavit filed in the Clerk's office of Rensselaer County on the 19th day of August, 1895.

"*Second.* That respondent has never taken or passed an examination to obtain a license to practice dentistry in the State of New York.

"*Third.* That the respondent never obtained a license to practice dentistry from the Regents of the University of the State of New York.

"*Fourth.* That by reason of the affidavit so filed in the Clerk's office of Rensselaer County, said respondent has been annually registered by the Secretary of the Board of Dental Examiners from the year 1916 up to and including the year 1931.

"*Fifth.* That the respondent is now practicing his profession in the City of Albany, County of Albany, State of New York."

It also found that the charges of inefficiency, with the exception of one, were sustained. The Regents thereupon, after due hearing, revoked the petitioner's color of license on April 20, 1933, and directed the cancellation of his registration. The Commissioner of Education signed an order executing this determination of the Regents. On certiorari to the Supreme Court, the Appellate Division, two justices dissenting, annulled the determination of the Regents and vacated the order of the Commissioner of Education, from which decision the Board of Regents of the University of the State of New York has taken this appeal.

In this opinion we shall deal solely with the charges that Walker was unauthorized to practice dentistry.

On the 19th day of August, 1895, William E. Walker filed in the Rensselaer County Clerk's office his statement,

of authority to practice dentistry in the State of New York, in the form of an affidavit. He therein stated that the legal authority by which he is to practice dentistry within this State was conferred upon him by diploma from Wisconsin Dental College, dated May 5, 1893. The Wisconsin Dental College was not recognized in New York State as an approved institution. Walker had taken the six months' correspondence course given by the institution. Under none of the laws of this State in force since 1879 down to the present day has Walker been authorized to practice dentistry. A brief review of the legal provisions will make this evident.

The practice of dentistry in this State was regulated by chapter 540 of the Laws of 1879. It provided:

" It shall be unlawful for any person to practice dentistry in the State of New York for fee or reward, unless he shall have received a proper diploma or certificate of qualification from the State Dental Society, or from the faculty of a reputable dental or medical college, recognized as such by said society * * *.

" Every person practicing dentistry within this State shall, within sixty days after the passage of this act, register in the office of the clerk of the county where located."

The practice of dentistry was further covered in the Public Health Law (Laws of 1893, ch. 661, art. 9).

" § 160. Qualifications. No person shall practice dentistry in this state * * * who shall not be licensed and registered as prescribed in this article or who was not lawfully licensed and registered when this chapter takes effect. * * *

" § 161. License. A person shall be deemed licensed to practice dentistry in this state, who shall have attained the age of twenty-one years, and shall have had properly granted to him either by the dental society of the state of New York, or an incorporated medical or dental school approved by such society, a diploma conferring a recog-

nized medical or dental degree. No diploma shall be deemed valid if conferred irregularly * * * without substantial compliance by the person to whom granted or the corporation conferring it with the general statutory requirements of this state as to course and duration of preparatory and professional study * * *.

" § 162. Registration. Every person practicing dentistry in this state shall register in the office of the clerk of the county where his place of business is located * * * his * * * legal authority for practicing dentistry * * * which registration he shall be entitled to make only upon presenting to the county clerk a certificate from the member of the state board of censors, appointed by the state dental society for the judicial district in which such county is situated, to the effect that such applicant has received a proper diploma. * * * Any registration procured by fraud or *false statements*, shall be deemed void."

An amendment of this act of 1893 was passed in chapter 626 of the Laws of 1895, which became a law May 11, 1895. The requirements were extended by requiring an examination by the Board of Regents: " But no person shall be examined by said board unless he be at least twenty-one years old, of good moral character, and shall receive a certificate from said regents that he has satisfied them by examination or otherwise, that prior to commencing his professional studies he had a preliminary education equivalent to that required of students entering the dental colleges of this State, * * * *and* either has been graduated in course, with a dental degree from a registered dental school, or else, having been graduated in course from a registered medical school with the degree of doctor of medicine, has pursued thereafter a course of special study of dentistry for at least one year in a registered dental school. * * * On certification by the board of dental examiners that a candidate has successfully passed the examination and

is competent to practice dentistry, the regents shall issue to him their license so to practice pursuant to the rules established by them. * * * Any student of dentistry whose certificate of study under private preceptorship shall have been duly filed with the secretary of the State Dental Society at the time this act takes effect pursuant to the provisions of law then in force, may present himself for examination to the board" (§§ 162, 163).

These statutes were or had been the law of the State of New York prior to August 19, 1895, when William E. Walker registered with the Rensselaer County Clerk his statement that he had legal authority to practice dentistry within this State by diploma from the Wisconsin Dental College. This was not a compliance with chapter 540 of the Laws of 1879 as the said dental college and its correspondence course were not recognized as a qualification in this State. Neither was Walker licensed, pursuant to the provisions of sections 161 and 162 of chapter 661 of the Laws of 1893 and chapter 626 of the Laws of 1895. He had never taken any examination or received a dental degree from a registered dental school.

As the petitioner's name remained upon the registry of dentists in the office of the Clerk of Rensselaer County, there was issued to him blank applications for registration, pursuant to chapter 129 of the Laws of 1916, and a certificate of registration was sent to him from the Board of Dental Examiners yearly thereafter. It might have been noticed that in the application which Walker made out in 1916 he failed to give his license number. These yearly applications and renewal registrations were matters of form due to the original registration or certificate filed with the Rensselaer County Clerk. It was a continuation of the first misleading move. Any one searching the records would naturally be misled into believing that the petitioner had been duly and properly licensed in accordance with the law, whereas and in fact he had not qualified pursuant to the statutes, and was not legally licensed to practice dentistry.

In March of 1903 a bill was introduced in the Legislature of this State to legalize the registration of the petitioner as a dentist and to authorize him to practice dentistry. It did not become a law. In 1905 the Dental Society of the State instituted a mandamus proceeding against the Clerk of Rensselaer county asking that he be directed to expunge from his records the name of William E. Walker. The application was denied on the ground that the mandamus is to compel the performance of an act, and not to undo an act already done. (*Matter of Dental Society* v. *Jacobs*, 103 App. Div. 86, 91.) Mr. Justice CHASE, afterwards a judge of this court, wrote the opinion in which he stated: " As Walker was not duly licensed and registered as a dentist in this State prior to August 1, 1895, it was absolutely necessary for him to obtain a license from the Regents of the University of the State of New York to entitle him to registration after that date. He has never obtained such a license and the affidavit presented by him to the clerk of Rensselaer county not only did not comply with the statutory requirements but wholly failed to present to such clerk any authority or justification for registering Walker as a dentist."

The respondent upon this appeal insists that even if the facts be as we have stated them, yet there is no authority for the action of the Board of Regents and the Commissioner of Education, as section 1311 permits revocation only where actual fraud and deceit have been proved, and that such evidence is lacking here. We may concede for the purposes of this opinion that the petitioner was mistaken in believing he had authority in 1895 to practice dentistry, and that his registration was sought and obtained in good faith. Nevertheless this does not license him to practice dentistry. He has no license. We think the words " fraud or deceit " have a broader meaning than the respondent seeks to give them. The public are deceived by the false registration into believing

that the petitioner is licensed. The records on their face indicate that Walker has complied with our law and is qualified by examination and otherwise. His acts and statements were false in fact even though there is no intent to deceive; and there is deceit, because the public is misled and the purposes and objects of the law frustrated.

Section 1311 of the Education Law is apparently taken from section 162 of chapter 661 of the Laws of 1893 and chapter 626 of the Laws of 1895. A reference above to the quotation from chapter 661 of the Laws of 1893 will show the intent and meaning of the act. There it is stated that a registration procured by *false statements* shall be deemed void.

Strange indeed would it be if, after all the care which the Legislature has taken to protect the practice of dentistry and to qualify the dentist by previous years of study and preparation culminating in examination, there were no remedy to revoke or annul a registration or license granted by mistake on deceiving records.

For the reasons here stated the order of the Appellate Division should be reversed, and the determination of the State Board of Regents confirmed, with costs in all courts.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.