In the Matter of the Application of THE NEW YORK STATE SOCIETY OF PROFESSIONAL ENGINEERS, INC., Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act against THE DEPARTMENT OF STATE OF THE STATE OF NEW YORK and Hon. MICHAEL F. WALSH, as Secretary of State of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, May 20, 1940.

*Joseph B. Diamond,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Dorothy U. Smith, Assistant Attorney-General,* of counsell, for the respondents.

BERGAN, J. The respondents move to dismiss the petition upon the ground that it does not state facts sufficient to entitle the petitioner to relief. Upon this motion all of the facts pleaded in the petition must be treated as true and the pleading is entitled to every favorable inference and intendment in its construction. Accordingly, the Human Engineering Laboratory, Inc., is not a non-profit membership corporation composed exclusively of professional engineers. Notwithstanding this fact the certificate has been filed by the respondents. For the purpose of this motion it must be said that the incorporators of such corporation were not entitled to file the certificate of incorporation with the respondents. (Education Law, § 1461.) This section provides that no corporation shall use or assume a name involving the word " engineering " except a non-profit membership corporation composed exclusively of professional engineers. It will be assumed for the purpose of considering the relief to which the petitioner may be entitled, although it is not expressly decided, that the respondents erroneously filed the certificate of incorporation.

It would seem that the remedy sought by the petitioner is not afforded by the provisions of article 78 of the Civil Practice Act. This article seems to offer no remedy in the direction of compelling a ministerial officer to undo an act already performed by him where such officer himself has no power to revoke or undo the act.

Having filed the certificate, the respondents themselves are now wholly without power to expunge or remove it from their records. No statutory authority in this scope is vested in them. It seems to have been the policy of the State to vest power in respect of dissolution or discontinuance of corporations in branches of the government entirely separate from the officer or department authorized to receive and file certificates of incorporation.

In receiving for the purpose of filing a certificate of incorporation, the respondents act in a ministerial capacity, except perhaps where there is some conflict of names where there seems to be some power of judgment or discretion vested in them. Where, however, the certificate is in conformity with law, it would seem to be the duty of the respondents to receive and file it. (Gen. Corp. Law, § 8.)

The authority " to review a determination " relates only to the determination of a body or officer exercising quasi-judicial administrative or corporate functions and the determination is one which " involves an exercise of judgment or discretion." (Civ. Prac. Act, § 1284, subd. 2.) The act of the respondents in filing the certificate of incorporation here under attack is, accordingly, not such a determination.

It remains to be determined whether the filing of the certificate may be reviewed under subdivision 1 of section 1296 of the Civil Practice Act, which authorizes the determination of the question whether there has been a failure to perform a duty specifically enjoined by law. This is a continuation of the relief which, before the enactment of article 78, was afforded by mandamus. There have been instances where an officer having the power to undo an act not performed in accordance with law has been compelled to revoke such act. (*Matter of Kornbluth* v. *Rice*, 250 App. Div. 654, 656; *Matter of Lewis* v. *Carter*, 220 N. Y. 8.) In each of these instances there was a residuum of power to reconsider the original invalid act. Where no such power exists, mandamus will not lie under well-settled principles. " Mandamus is an appropriate remedy to compel the performance of a neglected official duty, but it is not the proper remedy to correct a wrongful act or to review an incorrect decision * * *. A mandamus will not be granted commanding a board to do over again what it has done, but with a different result. The office of an order of mandamus is to compel the performance of an act which the law specifically enjoins and not to undo an act already done." (2 Fiero on Particular Actions and Proceedings [4th ed.], 1872, 1873.) So it has been held with respect of the erroneous filing of the entry of a name upon the book of registry of dentists by a county clerk. (*Matter of Dental Society* v. *Jacobs*, 103 App. Div. 86.) There it was said by Judge CHASE, writing for the Third Department (p. 93): " It may be stated as a general proposition that the office of the writ of mandamus is to compel the performance of an act which the law specifically enjoins and not to undo an act already done." Mandamus " cannot be used for the correction of errors." (*People ex rel. Holden* v. *Woodbury*, 88 App. Div. 593, 596.)

The motion addressed to the petition is granted, without costs. Submit order.