In the Matter of the Application of PETER J. CENTOLELLO, Respondent, for an Order of Mandamus against VERNON C. BRANHAM, Superintendent of Woodbourne Institution for Defective Delinquents, and EDWARD P. MULROONEY, Commissioner of Correction, State of New York, Appellants.

Third Department, March 10, 1937.

*John J. Bennett, Jr., Attorney-General* [*Caleb Candee Brown, Jr., Assistant Attorney-General*, of counsel], for the appellants.

*Jack J. Danella*, for the respondent.

HILL, P. J. Petitioner has been removed from his position as an instructor in tailoring in Woodbourne Institution for Defective Delinquents, to which he was appointed after an examination under the civil service. He thereafter moved, at the Albany County Special Term, for a peremptory order of mandamus. This was denied, but the court granted an alternative order which directed the superintendent of the institution and the Commissioner of Correction of the State to restore and reinstate petitioner in his position or to show cause why the order should not be obeyed.

The granting of an order of alternative mandamus is discretionary. (*People ex rel. Hasbrouck* v. *Supervisors*, 135 N. Y. 522, 534.) Concerning the power of removal and the scope of the review in matters of this kind, it has been said: " There is no statute and no rule of law that gives the right to the relator to review the merits of the case upon the facts, since the power of removal is conferred upon the commissioner in the broadest terms, subject to no limitation whatever, except that embodied in the statute which requires the reasons to be stated in writing and filed, and an opportunity for an explanation given." (*People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44, 48.) But it has also been said in the same connection, " Having such considerations as these in mind it does not seem to me that we should approve as sufficient the reasons assigned for the removal of appellant. Of course, I accept the principle which has been established that the power of removal in such a case as this is very broad, and the right of review very narrow. These rules are doubtless essential to good service and entirely proper. But their liberality in favor of the superior furnishes all the greater reason why such requirements as they do impose should be fairly and honestly observed. * * * While it may not be part of the strictly legal aspects which we are required to examine, we can hardly avoid seeing behind this attempt to remove appellant a background of friction." (*Matter of Griffin* v. *Thompson*, 202 N. Y. 104, 114.) From the foregoing it would seem that in the exercise of a proper discretion the judge below was justified in examining the charges to ascertain their background.

It appears that petitioner applied for a leave of absence to attend the trial of a lawsuit in which he was a party. Permission was given, he says as he understood, to absent himself from the institution from noon on January thirtieth until Wednesday night, February fifth, and he was absent for that period. It is stated by the assistant superintendent that the leave of absence did not begin until *the evening* of January thirtieth and that petitioner was required to return on the evening of February fourth. It is unquestioned that petitioner left for the trial of a lawsuit in which he was a party. He says that the matter was not finished until the afternoon of February fifth. The affidavit of his attorney in that action corroborates his statement. The time which will be consumed in the trial of a lawsuit cannot be estimated exactly, and, therefore, the petitioner's version of his leave is not on its face improbable. Events which occurred subsequent to his return to the institution on February fifth might raise a question as to the good faith of the charges and the justness of the removal. On February sixth, when petitioner entered the tailoring shop, he was told that he had been suspended

and was not permitted to work. On February seventh, at one o'clock in the afternoon, he was restored to his position, but was fined five days' pay for the delinquency of overstaying his leave of absence, and his pay check of February fifteenth was correspondingly reduced. The written charges upon which petitioner was thereafter removed were dated March fourth, but in advance thereof and on March second, petitioner received a letter from the Commissioner of Correction advising him, " It would appear from the record of this case that you were given an opportunity to be heard; that your violation of the regulations was deliberate and flagrant, and it is my opinion that the best interest of the institution will be served by your dismissal." Thus petitioner was punished first by being required to pay a fine (the answering affidavit says that will be returned to him) and the letter indicating his removal predating the presentation of the charges gives substance to the claim that the removal was predetermined and the hearing of the charges a farce. The making of a decision after the charges had been filed does not remove this implication. If the petitioner was on trial for a violation of a criminal statute, the earlier judgment imposing a fine would be a bar to subsequent punishment. The necessity for the absence and the granting of leave are unquestioned. The charge of delinquency arises only from the length of the absence. I am unable to say that the court below abused its discretion in granting the alternative order.

The order should be affirmed, with fifty dollars costs and disbursements.

McNamee and Heffernan, JJ., concur; Crapser and Bliss, JJ., dissent, and vote to reverse the order appealed from and to dismiss the petition, upon the ground that it appears without dispute that the petitioner left the institution before his leave began; that a charge to this effect was made against him; he was given an opportunity to answer, and his answer failed to meet the issue. There was, therefore, ample reason for discharging him.

Order affirmed, with fifty dollars costs and disbursements.